GREENWOOD<br>v.<br>NEW ORLEANS.

---

## THE STATE v. CECELIA CLAY, f. w. c.

| | |
|---|---|
| 12 | 431 |
| 48 | 1020 |
| 49 | 128 |
| 12 | 431 |
| 120 | 437 |

The repealing clause of the Act of the Legislature of 1855, relative to crimes and offences, repealed the second section of the Act of February 21st, 1828, which made it a crime, punishable with imprisonment at hard labor, "to prepare combustible materials, and to put them in any place, with an intention to set fire to a mansion house or other building."

APPEAL from the First District Court of New Orleans, *Robertson*, J.

*M. A. Foute*, for the State, appellant. *Tuppan & Holt*, for defendant.

MERRICK, C. J. The appeal in this case has been taken by the State from a judgment of the lower court quashing the indictment. The prosecution is based upon the second section of the Act of February 21st, 1828, which makes it a crime to prepare combustible materials, and to put them in any place with an intention to set fire to a mansion house or other building. The punishment imposed by the statute was not less than ten nor more than fifteen years' imprisonment at hard labor.

The defendant contends that this section of the statute was repealed by the Act of 1855, relative to crimes and offences. (See p. 130.)

The statute of 1855 treats *ex professo* of "offences against habitations," &c.

On this subject it has radically changed the previous law. By the first section of the Act of 1828, setting fire to other buildings besides mansion houses

STATE
*v.*
CLAY.

was punished with death. By the Act of 1855, the penalty is less than was the penalty for preparing combustibles to set fire to such buildings under the Act of 1828.

An examination of the Act of 1855, on this subject, and a comparison of it with the former laws, will show that it was the intention of the Legislature to arrange under the head "offences to habitations" all the laws which it intended to continue in force, on the subject of setting fire to buildings, vessels, &c. The repealing clause of the Act of 1855, therefore, repealed the second section of the Act of 1828. See Acts of 1855, p. 137, sec. 46, 47, 48, 49 and 50.

Judgment affirmed.

SPOFFORD, J., concurring. In addition to the reasons given by the Chief Justice, I observe that the specific "subject matter" of the second section of the Act of 21st February, 1828, would seem to come within the purview of section forty-eight of the crimes Act of 1855, which prescribes the punishment for all malicious *attempts* to set fire to buildings and vessels. The old law was, therefore, superseded by the new, and the indictment should have been framed under the new law.