## No. 10,120.

### HEIRS OF REBECCA DOHAN vs. ROBERT MURDOCK.

The recitals contained in a deed that is offered in evidence in proof of title, cannot be considered as evidence of the domicile of the parties when it is a necessary element of title. In this case their domicile should be affirmatively proved.

APPEAL from the Ninth District Court, Parish of Tensas. *Young*, J.

---

*Wade H. Young* for Plaintiffs and Appellees.

*Steele Garrett & Dagg* for Defendant and Appellant:

1. In a petitory action the claimant must allege and prove every material fact necessary to establish good and perfect title in himself before he can recover. C. P. 44.

2. The whole burden of proof is upon the plaintiff in a petitory action. He must make his title certain; to make it possible, or even probable, will not suffice. C. P. 44; 22 Ann. 378; 19 Ann. 121; 18 Ann. 29, 507.

3. The rule that evidence received without objection will be given effect even where the issue is not made by the pleadings will not be extended so as to permit the record of a deed which is offered and received for the purpose of showing the conveyance of title— to have the effect of proving residence or domicile of the parties, or where there is no such averment in the pleadings. Jones vs. Real, 1 Ann. 200.

4.  Words of description used in notarial acts or judicial proceedings not necessary to the purposes of contract, or to the jurisdiction, do not make proof of domicile, and this rule has greater force where the deed or·contract is by private act.and not signed by the party whose domicile is sought to be shown by it. New Orleans vs. Shepard, 10 Ann. 268.
5.  A possessor in good faith is one who holds title translative of property, and has just cause to believe himself to be the master of the thing which he possessed.  C. C. 3451.
6.  The possessor in good faith cannot be required to account for the revenues received before any claim for restitution is made, and he is entitled to be reimbursed the expenses he has incurred upon the property before he can be evicted from it.  C. C. 4453.

The opinion of the Court was delivered by

WATKINS, J.  This is a petitory action for the recovery of an undivided one-half interest in the property known as the Ashland plantation, situated in the parish of Tensas, this State.  It is designated in the petition as " the same property (that was) sold by William Harris to Daniel J. Dohan and to Mrs. Rebecca Dohan on the 21st of February, 1850. '

Plaintiffs claim the property by inheritance from their deceased mother, Mrs. Rebecca Dohan, and it is alleged in their petition that one of them is a resident of the State of Texas and the others of the State of Mississippi.

They represent that the defendant has taken possession of their said one-half interest " without authority from them," and has used and cultivated same, and that the annual revenues thereof aggregate $5000 *per annum.*

The answer of the defendant is, in substance, that he is in possession of the whole property, but disclaims title to more than one undivided half interest thereof.  That he acquired said interest by purchase from Daniel J. Dohan by deed of record and date July 15, 1878, and possessed the remaining one-half as the tenant at will of " Michael J. Dohan, residing in Philadelphia, Pennsylvania."

He represents that he purchased said property in good faith, for full value, and upon the written opinion of a reputable attorney at law that the title was perfect.

There is in evidence a deed from William Harris to Daniel J. Dohan and his wife, Rebecca Dohan, purporting to convey the whole property.  This is the title of the common author of plaintiffs' ancestor and of the defendant, and is affirmed by both.

There is, also, in evidence a deed from Daniel J. Dohan to the defendant, of an undivided one-half interest therein.

Manifestly, the plaintiffs rest their claim of ownership upon the title of Harris.

But we are left in the dark as to the precise character of their pre-

tensions. Whether they claim that the title was *joint and several* as to the two vendees, "Daniel J. Dohan and his wife, Rebecca Dohan," or that it was community property, and they inherited their mother's undivided one-half interest, is not quite clear.

There is neither averment or proof of the residence of Daniel J. Dohan and wife at the date of their purchase from Harris on the 21st of February, 1850, nor at the date of Rebecca Dohan's death. There is a recital in the deed that they resided in the State of Mississippi.

Such recitals contained in a deed that is offered in evidence by plaintiffs in proof of title, cannot be considered as proof of domicile. 10 Ann. 268, City vs. Sheppard; 4 Ann. 555, Hill vs. Spangenburg; 5 Ann. 348, Davis vs. Benion; 1 Ann. 200, Jones vs. Reed.

If, in point of fact, Daniel J. Dohan and Mrs. Rebecca Dohan were citizens of the State of Mississippi at the date of their purchase from Harris, in 1850, and their title thereby taken out of the operation and effect of our community laws, plaintiffs should have proved that fact clearly and affirmatively.

We think their allegations are sufficiently broad to admit of the introduction of the needed evidence. They are to the effect that they are the owners by inheritance from their mother, Mrs. Rebecca Dohan of an undivided one-half interest in the Ashland plantation, purchased from Harris by Daniel J. Dohan and his wife, Rebecca Dohan, in 1850.

Under the circumstances and for the purposes of justice, we think the case should be remanded for a new trial in pursuance of the views herein expressed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and set aside; and it is further ordered, adjudged and decreed that the cause be remanded to the court below for a new trial in pursuance of the views herein expressed, and that the cost of appeal be taxed against the plaintiffs and appellees.