The opinion of the court was delivered by
Breaux, J.
This is an action brought by plaintiff against the defendant to compel him to accept the title which plaintiff tenders to him for his signature and acceptance. There is no disagreement -between the parties as to the facts. Only questions of law are before us for decision.
The record discloses the following state of facts. The appellant, Armstrong, who was defendant in the lower court, was a bidder at auction for the property in question to the amount of two thousand two hundred and fifty dollars. It was adjudicated to him at that price. The following is the- chain of title under which plaintiff claims. She bought the property from Eugene Gaudinse by notarial act. Her vendor, Gaudinse, bought it from E. A. Hubeau, as shown by notarial deed. The vendor Hubeau, the day before the sale to Eugene Gaudinse, had acquired the property from Joseph A. Gaudinse, so that Hubeau was the owner of the .property only one day. Joseph A. Gaudinse, when he sold to Hubeau, was owner of the property under a sale to him from Eugene Gaudinse, made in 1888. The latter bought the property at an auction sale of the succession of William J. Castell, in 1881. A counter letter was executed by James J. Woulfe in favor of William J. Castell, in 1882. There is also a sale from Mrs. Ellen Maguire to James J. Woulfe, passed before a notary public, in 1881. All the deeds and the counter letter were duly registered. The appellant, Armstrong, avers that the sale from Mrs. Ellen Maguire et al. to James J. Woulfe is defective for the reason that this latter read with the counter letter, discloses that Castell was a purchaser from himself, as agent, and that, in consequence, the sale was void; that on examination of the act of sale to him, it appears that the title of William J. Castell rests upon the counter letter executed by James J. Woulfe in favor of William J. Castell, dated in 1886, in which Woulfe declares that William J. Castell is the owner of the property as purchaser from Mary Maguire and Joseph Maguire by a pretended sale before Villere, notary, in June, 1881.
The defendant having refused to take title, this action was insti *1302 tuted. In the first deed attacked by plaintiff, dated June 30th, 1881, Oastell appears and discloses that as the agent and attorney in fact of Ellen Maguire and Joseph Maguire, as per power of attorney annexed to an act of sale to J. Mullan, passed before him on the 25th of June, 1881, he caused the property in question to be offered for sale at public .auction by Iloey, an auctioneer, and that it was regularly adjudicated to Woulfe for one hundred and twenty-five dollars. The counter letter proves that this Woulfe was an interposed person, and that Oastell was the purchaser under the former’s name. In the deed by Gabriel Villere, public administrator, to Eugene Gaudinse, it is declared that this officer sold this property in pursuance of an order of court duly given in matter of the succession of W. S. Oastell, and the' lots in question were acquired in the name of Woulfe from Ellen Maguire per act passed before Villere, notary, in June, 1881, but that, as appears by the counter letter before mentioned, it was really acquired for Oastell. The deed subsequent in date, under which Eugene Gaudinse sold this property to Joseph Gaudinse contains the usual warranty clause, and in subsequent sales no mention is made of the first deed which plaintiff attacks as illegal, as before mentioned. The judgment in the lower court was for plaintiff, from which the defendant appeals.
The good faith of Eugene Gaudinse is impugned, and it is earnestly argued by plaintiff’s counsel that he was aware of the act of Oastell, at whose succession sale the property'was sold to Gaudinse, for the reason that there is some reference in the deed to the prior title. This reference does not prove any wrong on the part of Oastell, as it could only have served to indicate that by consulting other prior deeds, years ago, he, Oastell, had done that which no faithful agent would do, that is, dispose of the property of his principal to his own interest. We do not think that the failure of the defendant to have discovered this unprincipled act should be held to conclude him, if it afterwards appears that he was in good faith in buying the property. In matter of these sales, the vendee who pays the price, goes into possession, improves the property and pays the taxes, is presumed to be in good faith until the contrary is shown. If there is nothing to show knowledge of a fact, not apparent, or which down right negligence alone could have overlooked, it should not be concluded that one was not sincere in his purchase or sought to take advantage. Fraud will not be presumed. O. C., 1848, 3481, 3482. The plaintiff was a third person'who dealt *1303 with the vendor on the faith of a recorded title. Regarding this recital, inserted in all probability by the officer for the purpose of identification, which is not notice of any particular act or fact, we think that jurisprudence has firmly settled that general terms in the deed are not necessarily binding, and that the terms of the deed cover that concerning which the parties wished to contract. Incidental declarations in the deed are not significant upon it as appears on the face of the papers. While the eonclusiveness of the former act, the effect of which the defendant seriously apprehends extends to every interest of the former vendor, Castell, it does not affect the interest of an innocent third person such as the defendant here or one of the authors of his title who bought more than ten years previous to the adjudication recently made to the defendant. It must be borne in mind that defendant is tendered a title different from that which Castell obtained by resorting to a public auction of the property.
We return to the consideration of the recital in the deed of Villere, public administrator, to Eugene Gaudinse, in 1887, chiefly to refer to, and to cite decisions in point. We have already said in substance, that we do not consider the recitals more than mere recitals of description, and on that subject we cite Hill vs. Spangenberg, 4th A., 555; New Orleans vs. Sheppard, 10 A., 268; Sanderson vs. Ralston, 20th A., 312; Heirs of Dohan vs. Murdock, 40th Ann., 376. In the decision cited first, the court said: “The recital in the notarial act was immaterial, and may have been, in reality, the act of the notary”. In the case cited second, the court said: “They are not material to the matter in hand and may not have received attention.” Reference is made to the force and effect of such descriptive recitations as being- “of secondary importance”, and again it is referred to in that light in the last case cited. It is referred to in Layman vs. Vicknair, 47th Ann., 679, as a “mere ipse dixit of the notary public which may or may not be true”. The recitals in the deed before us and now being considered, are taken as entirely true, but not such as to place at a disadvantage the purchaser at a subsequent sale more than ten years afterwards.
We do not think that the case of Heirs of Dohan vs. Murdock, 41st Ann., 494, is in point, for the reason, that in that case “.the defect in Dohan’s title to the property in suit was apparent, and could be ascertained by an inspection of the act under which he claimed ownership.” The case here is different; the deflect was not apparent and could not *1304 have been ascertained, by an inspection of the act under which he claimed ownership. This act between Gaudinse and the public administrator must be considered as a complete executed contract. Such completed contracts, when they are capable of being ratified, are considered as' being ratified in case of the failure to claim, and silence during the prescriptive period. Vaunham vs. Christine, 3 A., 330.
The belief of one that the title is valid and regular, and that the person with whom he contracted had the capacity to sell is that which the law has characterized as showing good faith in the purchaser. Here the purchaser paid the price, went into possession, paid the taxes and improved the property. Thereafter, these many, years are indications of the full faith and credit placed in the public act under which he held. The one who has remained so long silent could not be permitted to condemn an act long after innocent third persons had acquired the property. The principle which we think is controlling in this case is sustained by the decision of Scott vs. Calvit, 2nd La., 69, in which it was decided that the conveyance by a parish judge of the property to himself which was sold under his order is referred to as not void but voidable.
In Mary Hicks vs. Ann Weems, 14th Ann., 639, the court decided that the purchase of property by the administrator of a succession of which he is the administrator is not an absolute nullity. In Oil Company vs. Marbury, 91st U. S., 587, the court said regarding a similar act: “The general doctrine, however, in regard to contracts of this class is not that they are void, but that they are voidable.” The opinion in Meibaum vs. Brennan, 49th Ann., 580, contains the last utterance of this court upon the subject, from which we extract the following: “Such title acquired in good faith, accompanied by possession as owner, suffices for the prescription of ten years”. Citing a number of decisions.
The third person, vendor here, is not claiming under the original title’ but under a prescriptive title dating back more than ten years and which title is of a date long subsequent to the Oastell act.
By reason of the law and the evidence being in favor of plaintiff, the judgment is affirmed.