No 9326.
Orleans Appeal.

**NEW ORLEANS TYPOTHETAE, INC.**
**Appellant v. COX PRINTING AND**
**PUBLISHING COMPANY, INC.**

(October 29, 1923, Opinion and Decree.)
(October 29, 1923, Dissenting Opinion.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 204, 205**
The rule with reference to the probative force of notarial acts does not apply to descriptive averments contained in said act.

2. **Louisiana Digest—Pleading—Par. 109, 111; Evidence—Par. 53, 59.**
Where plaintiff sues as assignee of a claim and fails to prove the assignment of such claim by persons authorized to act on behalf of the original creditor, he cannot recover against a defendant, particularly when the assignment has been specificially denied.

Appeal from the First City Court, Hon. Leon L. LaBatt, Judge.

Case remanded for a new trial.

Benj. Y. Wolf, attorney for plaintiff and appellee.

Delvaille H. Theard, attorney for defendant and appellant.

This case being assigned to me this opinion was proposed as the opinion of the court, but since it was not assented to by my colleagues I submit it as my dissenting opinion.

WESTERFIELD, J. This is a suit brought by the New Orleans Typothetae, against Cox Printing and Publishing Company, Inc., defendant in which the sum of two hundred sixteen dollars is claimed as dues owing by defendant under a contract between plaintiff's assignor and defendant.

The defendant filed exceptions of nonjoinder, vagueness and no cause or right of action by way of answer denied each

paragraph of plaintiff's petition, including the articulated paragraph alleging the acquisition of the claim by assignment.

The exceptions were overruled by the court below, and we think properly so. The case was tried on the merits.

During the course of the trial the plaintiff offered a certain copy of an authentic act for the purpose of proving his ownership of the claim against defendant by assignment from the original creditor under the contract. The offer was objected to upon the ground that the act was incomplete in that certain resolutions which, according to the recitals of the act conferred authority upon a Committee of three to represent the New Orleans Typothetae which resolution according to the terms of the act were attached to and made part thereof, were not, as a matter of fact attached to the act as presented. The objection was overruled and the evidence admitted. No other evidence of the assignment is in the record and defendant relies upon the probative force of authentic acts establishing his title to the claim against defendant contending that the recital of authority in the act is sufficient whether the resolution conferring such authority, alleged in the act to be part thereof, are produced or not.

The plaintiff was under the necessity of proving his case, a most essential element of which was his ownership of the claim sued on. The assignment of that claim by the original creditor to plaintiff must be proven. Does the notarial act of assignment in which the appearers (three individuals) are described as "a committee representing the New Orleans Typothetae, by virtue of a resolution adopted on the 26th day of December, 1922, a certified copy made part hereof," make such proof without the resolution referred to, we think not. The words quoted are merely descriptive and no consideration due an authentic act compels the acceptance of descriptive averments as true, and this is true whether the evidence referred to had been received without objection or otherwise.

Heirs of Dohn vs. Murdock, 40 La. Ann. 376, 4 South. 338. See also Heirs of Dohan vs. Murdock, 41 La. Ann. 494, 6 South. 131; Succession of Seymour, 52 La. Ann. 131, 24 South. 818, 26 South. 783; Mendelsohn vs. Armstrong, 52 La. Ann. 1303, 27 La. Ann. 1300; Orleans Parish School Board vs. Murphy, 111 La. 929, 101 South. 268.

The plaintiff has failed to prove the authority of the three individuals from whom he acquired the claim to represent the owner thereof, a most necessary item of proof.

We think the purposes of justice require that the case should be remanded for a new trial in pursuance of the views herein expressed.

It is, therefore, ordered adjudged and decreed that the judgment appealed from be annulled and set aside; and it is further ordered adjudged and decreed that the cause be remanded to the court below for a new trial in pursuance of the views herein expressed and that the cost of appeal be taxed against plaintiff and appellee.