### No. 3450

### Second Circuit

---

## STEVENS v. BOOTH MOTOR CO., INC

---

(January 21, 1929. Opinion and Decree.)

---

Williams and Williams, of Colfax, attorneys for plaintiff, appellant.

C. H. McCain, of Colfax, attorney for defendant, appellee.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff sued defendant for the amount of principal, interest and attorney's fees represented by certain promissory notes purporting to be signed by defendant, drawn payable to the order of The Brenard Manufacturing Company and by it endorsed in blank and transferred to him, he alleges, by the payee before maturity, for value and in due course.

Defendant answered pleading, in effect, the general denial.

Whereupon plaintiff filed an amended and supplemental petition wherein he alleged that defendant and The Brenard Manufacturing Company had entered into a written contract, the original of which he attaches to and makes part of his petition, whereby The Brenard Manufacturing Company sold and delivered to defendant certain radio apparatus and received from defendant in payment thereof promissory notes corresponding to those sued on and that The Brenard Manufacturing Company had returned them to defendant for correction and had received back from de-

fendant the notes sued on, and that if the notes sued on are not valid they were executed by defendant for the purpose of defrauding The Brenard Manufacturing Company and plaintiff.

Answering the supplemental and amended petition defendant alleged that the contract and notes referred to therein were cancelled by agreement of itself and The Brenard Manufacturing Company, and denied the other allegations of the amended petition.

On these issues the case was tried and there was judgment rejecting plaintiff's demands and dismissing his suit and he has appealed.

### OPINION.

The issues between defendant and The Brenard Manufacturing Company raised by the pleadings are not before the court for consideration as The Brenard Manufacturing Company is not a party to the suit; and the only questions presented for our determination are, were the notes sued on signed for the defendant by some person authorized to obligate it, or, if not, was the signer's act ratified by defendant, and, if so, did plaintiff acquire the notes in due course before maturity and for value.

The notes are signed:

"Booth Motor Co., Inc.
        "By W. McCain."

Wilmot McCain, called on cross-examination by plaintiff, testified that he was the president of the defendant and that the notes sued on were not signed by him or by any one having authority to sign them for the defendant. He said that they were signed by his wife who had informed him she had signed a second lot of radio papers—

And:

"Q. Did you notify The Brenard Manufacturing Company that the notes had been sent by your wife to them—was not endorsed—was no ratified or approved by you, and not to act on them, or anything to that effect?
"A. I wrote The Brenard Manufacturing Company that the only papers I had signed had been cancelled and that I had them in my possession and not to—
"Q. That is not my question, I asked, did you write them that the notes were not ratified?
"A. That pertains—that is all I did write them.
"Q. Not to what?
"A. Not to bind us in any way with the contract—that was the meaning I had; I may not have put it in the proper words."

And, further:

"Q. Give me that express receipt and that letter of cancellation when this—after these notes that you say were sent off unauthorized by you—did this radio outfit and set come?
"A. Yes, sir; it came.
"Q. What did you do with it?
"A. Wrote them that we were sending them back and put them in the express office and got a receipt for them and I think paid the expressage.
"Q. You returned everything?
"A. Everything that came, we returned it.
"Q. That you have got nothing and received nothing under this contract?
"A. Nothing but a whole lot of worry."

He also testified that when the apparatus arrived it was taken out of the office of the carrier without his knowledge and that when he discovered it he had the apparatus repacked and carried back to the express company to be returned to the shipper and he produced the express company's receipt for the shipment.

The evidence establishes to our satisfaction that the person who signed the defendant's name to the notes sued on was

without authority to obligate the defendant and that her act was not only not ratified by defendant but expressly repudiated by it.

It follows, therefore, that the notes were illegal, null and void in the hands of plaintiff even though he was, as asserted by him, an innocent third holder, as to which it is unnecessary for us to express an opinion.

The judgment of the lower court rejecting plaintiff's demand and dismissing his suit is correct and is therefore affirmed.