172 So.2d 727 (1965)
The HOUSE OF CAMPBELL, INC.
v.
Benedict J. CAMPBELL, Jr.
No. 1319.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1965.
*728 Ralph D. Dwyer, Jr., New Orleans, for defendant-appellant.
Martin P. Kelly, Jr., Solomon S. Goldman, New Orleans, for plaintiff-appellee.
Before REGAN, SAMUEL and CHASEZ, JJ.
CHASEZ, Judge.
This is an action by The House of Campbell, Inc., in liquidation, against its former Vice-President and Director, Benedict J. Campbell, Jr., to rescind a sale of immovable property made by the corporation to defendant. The defendant filed a reconventional demand. From a judgment in favor of the plaintiff on both the main and reconventional demands, defendant appeals.
The record reflects that The House of Campbell, Inc., was incorporated on August 14, 1959, primarily for the purpose of engaging in residential construction. The shareholders of the corporation were Mrs. Esther L. Feinhals, Benedict J. Campbell, Jr., Donald H. Campbell, and Mrs. Patricia T. Campbell. Mrs. Feinhals owned ninety-seven shares of the stock and the other shareholders one share each. Donald H. Campbell was President of the corporation; Benedict J. Campbell, Jr., the Vice-President; Mrs. Patricia T. Campbell, Secretary; and Mrs. Esther L. Feinhals, Treasurer. The four officers composed the Board of Directors.
On August 17, 1959, the corporation acquired Lot 2 of Square 15, of Lake Villa Subdivision in Jefferson Parish for the sum of $4,500.00 cash. On April 5, 1960, a special directors' meeting was held with Mr. Donald H. Campbell, Mr. Benedict J. Campbell, Jr., and Mrs. Patricia T. Campbell attending. At this meeting a special resolution was adopted authorizing the corporation, through its President, Donald H. Campbell, to sell the above lot to the defendant, Benedict J. Campbell, Jr., for the consideration of $4,500.00 cash. The record reflects that this lot was the only asset of value owned by the corporation. On April 8, 1960, pursuant to the resolution, an act of sale was executed transferring title to the lot from the corporation to Benedict J. Campbell, Jr. The act of sale recites: "THIS SALE IS MADE AND ACCEPTED for and in consideration of the price and sum of FOUR THOUSAND FIVE HUNDRED AND NO/100 ($4,500.00 DOLLARS, all of which said amount has been well and truly paid unto said appearer, in lawful current funds of the United States of America, the receipt of `which is hereby acknowledged and full acquittance granted therefor." (Emphasis ours.) In truth and fact, however, cash consideration was not given to the corporation. The defendant in consideration of the transfer actually gave a nonnegotiable note for the sum of $4,500.00 payable five years from *729 date, bearing no interest. On April 23, 1960, fifteen days after the transfer, Benedict J. Campbell, Jr., Donald H. Campbell and Mrs. Patricia T. Campbell submitted to the corporation their resignations as officers and directors. On June 21, 1960, liquidation proceedings of The House of Campbell, Inc., were filed in the District Court for the Parish of Jefferson and Mrs. Feinhals was appointed liquidator.
Plaintiff contends that the meeting at which the resolution above referred to was adopted was not properly called and was highly irregular. Be that as it may, a quorum was present at the directors' meeting and the resolution was unanimously passed.
Plaintiff next contends that the vice-president and director could not deal with the corporation and acquire on credit its only asset. The relationship of an officer or director to a corporation is of a fiduciary nature. In Louisiana the nature of the relationship and its duties are set forth in LSA-R.S. 12:36:
"Officers and directors shall be deemed to stand in a fiduciary relation to the corporation, and shall discharge the duties of their respective positions in good faith, and with that diligence, care, judgment, and skill which ordinarily prudent men would exercise under similar circumstances in like positions."
From the above statute, it can be easily seen that the director owes his complete fidelity to the corporation. In a transaction between a director or officer and the corporation a conflict of interest may arise and in such event the director must not allow his self-interest to transcend his duty to the corporation.
The prevailing rule in the United States is that a purchase of corporate property from the corporation by a corporate officer or director is not absolutely void but merely voidable. If the contract is not fair to the corporation it has a just and legal right to set the sale aside. While the Courts have not meticulously defined what is "fair," they have closely scrutinized each transaction to determine its fairness to the corporation. Because of the fiduciary relationship between the corporation and director, the burden of proof is on the director to prove his good faith in entering into the transaction and also its inherent fairness from the viewpoint of the corporation.
In Crescent City Brewing Co. v. Flanner, 44 La.Ann. 22, 10 So. 384 (1891) an action was instigated by a corporation to set aside a sale of land to its former director. The Supreme Court in that case recognized that a director could purchase property from his corporation; however, the property must be purchased in good faith and without the slightest unfairness to the corporation. In the above case, the sale was set aside. In the course of its opinion, the Supreme Court stated:
"In a case similar to the instant one, where the relations of the parties gave rise to suspicions, this court, in the case of Hancock v. Holbrook, 40 La. Ann. 53, 3 South.Rep. 351, announced the principle of law which should govern, as follows: `As a strictly legal question, the right of a board of directors of a corporation to apply its property to the payment of its debts, and the right of the majority of the stockholders present at a meeting called for the purpose to ratify such action and to dissolve the corporation, cannot be questioned. But when such action is taken at the instance and through the influence of the president of the corporation, and when the debt to which the property is applied is one for which he is himself primarily liable, and especially when he acquires in his personal right the property thus disposed of, such circumstances undoubtedly subject his acts to severe scrutiny, and oblige him to establish that he acted with the utmost candor and fair dealing, for the interest of the corporation, and without taint of selfish motive.

*730 [Twin-Lick] Oil Co. v. Marbury, 91 U.S. [587] 590 [23 L.Ed. 328].' And to the same effect is the doctrine in Morawetz on Private Corporations, (volume 1, § 527,) which says: `But a transaction between a director and a corporation, even if the latter was represented by a majority of the board, will always be scrutinized by the courts with strictness, and will be set aside at the suit of the corporation upon proof of the slightest unfairness or imposition practiced upon it. A director will not be allowed to obtain any advantage over the corporation of which he is agent, through his position, on the information which he has obtained of the affairs of the corporation, or his influence over his co-directors.' * * * We do not reflect upon the motives of the directors nor of the purchaser. They had no intention of committing a fraud upon the stockholders, and no actual `fraud' has been committed, within the ordinary meaning of the word. They undoubtedly thought they were at the time acting for and in the interest of the corporation, in the desperate condition of its affairs, and the sale of the property, under the circumstances, would be justified. They took the advice of their attorney, who advised the sale. But the corporation suffered an injury, nevertheless, and the relations of the parties were such that the law will not permit the slightest advantage to appear against the corporation of which the purchaser is a director. Such acts are held constructively fraudulent and voidable, at the election of the principal." (Emphasis ours.)
In General Motors Acceptance Corporation v. Hahn, 190 So. 869 (La.App.1939), it was stated: "A corporation is an entity separate and distinct from its officers, directors and stockholders, and the officers may purchase the corporation's property, provided the transaction is in good faith and the consideration paid is adequate. * * *" See also Frellsen v. Strader Cypress Co., 110 La. 877, 34 So. 857 (1903); De Soto Corporation v. Roberts Lumber & Grain Co., 174 La. 620, 141 So. 78 (1932); Annot., 24 A.L.R.2d 72 (1952).
The rule in Louisiana, therefore, is that a corporation has a right of action to set aside a transfer of property from the corporation to one of its directors. The contract or transaction is not void but merely voidable at the option of the corporation. In such an action the director has the burden of proof of fairness to the corporation and that he was acting in good faith; in effect he must prove that the transaction was one negotiated and entered into at arm's length.
In this case we do not think the defendant has sustained that burden of proof. The corporation paid $4,500.00 cash for the property on August 17, 1959. Approximately eight months later, the director, defendant herein, purchased the property for an alleged cash consideration of $4,500.00. He, however, did not give cash consideration but a nonnegotiable note sans interest. He has failed to prove the benefit that would enure to the corporation even if he had paid cash for the property. Given the transaction as it stands now, we can see nothing but disadvantage to the corporation; it has a nonnegotiable note payable in five years without interest and no security whatsoever guaranteeing the payment of the note. In short, we can see no advantage that the corporation has received by the transaction; it has suffered detriment. It does not have the property or its cash value and it does not have a bankable note, and there is no security in the form of a mortgage. In the usual arm's length credit sale of immovable property the sale is in the form of a credit sale so a vendor's privilege will show on the public records; a negotiable note bearing interest is given; and a mortgage taken on the property sold. We are of the opinion that the sale of the lot herein was not at arm's length and was not fair to the corporation.
*731 It should also be stated that the resignation of the three directors three weeks after the date of the resolution indicates that they were not in good faith in authorizing the sale, particularly when the sale was made contrary to the specific terms of the resolution. Since cash was not paid and since the corporation is still without the purchase price up to the present time, there is no doubt that the sale should be rescinded and set aside subject to the reimbursement of the defendant of taxes and other necessary expenses he incurred in connection with the lot while the title stood in his name. The evidence indicates that defendant paid $78.70 in taxes on the property and he should be reimbursed this amount.
The defendant in reconvention seeks to recover monies that he advanced to the corporation for its operation while he was a director. It should be noted at this point that the Court reporter in this case lost part of the evidence taken at the original trial; by stipulation, therefore, the evidence of Benedict J. Campbell, Jr., was taken by deposition after the trial and submitted to this Court. The trial court rejected the defendant's reconventional demand. However, on the testimony before us we think that the judgment should be modified. The defendant introduced into evidence eight checks which he stated were used to pay sums due by the corporation. We have reviewed this evidence and believe that defendant's demand should be granted. The eight checks amount to a sum of $1,786.44. It should be noted that the plaintiff did not object to the introduction of this evidence or attempt to impeach Mr. Benedict's testimony in regard to these payments. Therefore, we are of the opinion that the trial court's judgment should be amended to allow the defendant's reconventional demand in the sum of $1,786.44.
Since the corporation is in liquidation, suits against the corporation must be brought against the liquidator in her name or official capacity. Whenever liquidation proceedings are instituted and a liquidator appointed, the corporation is dissolved as a legal entity and the liquidator is invested with the powers of the corporation. LSA-R.S. 12:61. Since the plaintiff in her answer did deny the claim of defendant he has a right to have his claim recognized judicially. Execution, however, will have to be delayed and the liquidator ordered to carry defendant on her tableau of distribution in the final liquidation of The House of Campbell as a creditor. Brown & Son v. Wholesalers, Inc., in Liquidation, 52 So.2d 321 (La.App.1951).
The judgment of the trial court is therefore affirmed insofar as it rescinds, avoids, cancels and sets aside the sale by The House of Campbell, Inc., to Benedict J. Campbell, Jr., passed on April 8, 1960, before Walter E. Kollin, Notary Public, Parish of Jefferson, recorded in C.O.B. 500, Folio 681, Parish of Jefferson, covering the following described property, to-wit:
"THAT PORTION OF GROUND, together with all the improvements thereon and all of the rights, ways, servitudes and appurtenances thereunto applying situated in a subdivision of the Liberty Tract being in Section "B" of Lake Villars Subdivision, in Section 44, Township 12 South Range 10 East, Southeast District of Louisiana, as the said parcels and portions of ground are designated, defined and platted on a plan or plat made by F. G. Grevenburg, C.E., in March, 1929, filed in Plat Book, Volume 11, Folio 9 thru 12, inclusive, in the Conveyance Records, Parish of Jefferson, Louisiana, on the land hereinafter described and defined, being:
"Lot 2, Square 15, bounded by Lake Villa Drive, Lakeport Drive, Hastings and Ithaca Streets, measuring 50' front on Lake Villa Drive, similar width in the rear, by a depth of 135' between equal and parallel lines. Lot 2 begins 50 from the corner of Lake Villa Drive and Hastings Street, all as more *732 fully shown on Plat of survey by J. L. Fontcuberta, Surveyor, dated August 28, 1959, annexed to act passed before Charles McCabe, dated September 12, 1958."
upon reimbursement of the necessary expenses incurred by defendant in the amount of $78.70.
The judgment is amended to grant judgment in favor of Benedict J. Campbell, Jr., recognizing him as an ordinary creditor of The House of Campbell, Inc., in Liquidation, for the sum of $1,786.44 and it is further ordered that Mrs. Esther L. Feinhals, Liquidator of The House of Campbell, Inc., be and she is ordered to carry Benedict J. Campbell, Jr., as a creditor of The House of Campbell on her tableau of distribution in the final liquidation of The House of Campbell as a creditor of the corporation.
All costs to be borne by defendant.
Amended and affirmed.