404 So.2d 1307 (1981)
PROSPERITY PARK, INC., Plaintiff-Appellee,
v.
Dorothy Britton BARTON, Defendant-Appellant.
No. 14645.
Court of Appeal of Louisiana, Second Circuit.
September 29, 1981.
*1308 Elie, Ferrouillet & Ferrouillet by Eric M. Ferrouillet, New Orleans, for defendant-appellant.
Paul Henry Kidd, Monroe, for plaintiff-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
Ms. Barton appeals a judgment declaring lesionary the plaintiff corporation's sale to her of 154 acres and ordering cancellation of the sale from the public records upon fulfillment of the condition that the actual consideration Ms. Barton paid or obligated herself to pay be returned to Ms. Barton.
Ms. Barton is the sister of Albert Britton, who is divorced from Elizabeth Mayo Britton, a plaintiff-appellee in this action. This court recently affirmed a summary judgment making executory in Louisiana an Ohio judgment that recognized Mrs. Britton to be the owner of all of the corporate stock of the plaintiff corporation.[1]
*1309 In this appeal, Ms. Barton contends that the lower court erred in overruling her exceptions that Mrs. Britton did not have a right of action and that she did not join Albert Britton as an indispensable party. Ms. Barton also complains that the lower court erred in allowing Ms. Barton only 30 days in which to elect whether to pay the corporation an amount which would cure lesion beyond moiety or to receive back the consideration Ms. Barton actually paid or obligated herself to pay. Appellees (Prosperity Park, Inc. and Mrs. Britton) move to dismiss the appeal on the grounds that it was not perfected and seek to be awarded damages for frivolous appeal. Ms. Barton does not assert error as to the merits of the finding of lesion. We affirm on the merits and deny appellee's motion.
Mr. Britton purchased the 154 acres in April 1975 while he and his wife were living together in Ohio. They later moved to Louisiana and he then transferred the property to Prosperity Park, Inc., a corporation which he created in Louisiana in 1976 and solely owned. On June 4, 1979, when the Brittons were in the midst of the divorce action in Ohio, Mr. Britton sold the 154 acres to Ms. Barton.
The Ohio judgment granting a divorce and adjudicating the ownership of some movable property rights was rendered in the Ohio trial court on August 27, 1979. That judgment was signed in Ohio about March 25 1980, and was affirmed there on appeal on September 18, 1980. Mr. Britton was ordered to "do those things necessary to transfer to [Mrs. Britton] 100% of [the shares of stock of Prosperity Park, Inc.]." Also on March 25, 1980, Mr. Britton caused dissolution proceedings to be filed in Louisiana to dissolve Prosperity Park, Inc., and to appoint a liquidator. On October 17, 1980, Mrs. Britton had herself appointed liquidator of the corporation and filed the action to set aside the 1976 sale to Ms. Barton on grounds including lesion beyond moiety.
We affirmed the judgment making executory in Louisiana, the Ohio judgment that recognized Mrs. Britton as the owner of 100 percent of the corporate stock of Prosperity Park, Inc. Mrs. Britton's appointment as liquidator of the corporation was not directly attacked and indeed, Mrs. Britton could have been appointed as liquidator without being a shareholder or a creditor of the corporation. Compare LRS 12:144 (A) and 148 (E). A liquidator of a corporation has the capacity and authority to bring suit in the name of the corporation for a corporate cause of action. LRS 12:145 C(1); The House of Campbell, Inc. v. Campbell, 172 So.2d 727 (La.App. 4th Cir. 1965). The trial court correctly overruled the exception of no right of action directed at the liquidator's capacity.
Mr. Britton was not an indispensable party. The corporation he created was a separate and distinct legal entity with the capacity to own property and to sue and be sued. LRS 12:41 B(3) and (5). Mr. Britton had no further interest in the 154 acres after he sold or exchanged that acreage to the corporation. Britton's interest in the corporate stock was adjudicated to Mrs. Britton by the Ohio judgment which became executory in Louisiana. He was not directly affected by the adjudication in this action between the corporation and Ms. Barton. CCP 641. The trial court correctly overruled the exception of nonjoinder.
The judgments, out of which arose the 30-day period complained of by Ms. Barton, generally attempt to follow the mandates of CC Arts. 1877-1880. CC 1877 provides that in cases of lesion, the purchaser may elect either to rescind the sale or to have it confirmed on paying the full value and that this election must be made within a period designated in an interlocutory decree determining the true value and the terms on which the payment is to be made. CC Arts. 1878-80 set forth the obligations of the parties in each alternative and authorize the trial judge to "make compensation" between the respective demands of the parties and to determine who shall pay what *1310 amount to whom, according to the principles set forth in the Articles.
We find no abuse of discretion in the trial court's allowing 30 days as the period of time in this case for the purchaser to make her election. CC 1877. That period of time, however, should not begin to run until the judgment of the lower court becomes final and definitive. CCP 1842, 2167.
On January 13, 1981, the interlocutory judgment decreed that the property had a value of $241,000 on June 5, 1979, and that Ms. Barton was allowed 30 days in which to elect to retain title or to rescind the sale, conditioned upon Ms. Barton paying $189,817 or upon plaintiff returning to Ms. Barton $51,183, depending on Ms. Barton's election. The judgment further decreed that in the event Ms. Barton elected to rescind the sale or failed to make the election within the 30-day period, that a final judgment would be rendered ordering the sale cancelled and erased from the public conveyance records upon plaintiff depositing $51,183, plus legal interest, into the registry of the court. A final judgment to this effect was signed on February 13, 1981, when Ms. Barton made no election.
On January 22 Ms. Barton applied for a new trial but withdrew her application on February 6. On February 17 she was granted a suspensive appeal and posted a $10,000 appeal bond on February 19. Plaintiff then ruled Ms. Barton to show cause why the appeal bond should not be increased to one and one-half times the difference between the purchase price and the total value of the property. While this rule was pending, on March 13, 1981, Ms. Barton amended her petition for suspensive appeal to appeal from the final judgment of February 13. Plaintiff sought to dismiss that appeal in the trial court and seeks to dismiss it here.
After a hearing on the rule to show cause, the trial court ruled that this was not a "money judgment" within the purview of CCP 2124(1) requiring one and one-half times the amount of the judgment for a suspensive appeal bond, that the appeal was timely as to the interlocutory judgment of January 13 and as to the February 13 "final" judgment, but that a suspensive appeal was not allowed from the February 13 judgment because Ms. Barton had not timely posted a bond for that appeal. The appeal of the February 13 judgment was correctly recognized by the trial court as a timely devolutive appeal for which no bond is now required. CCP 2124.
Under the circumstances of this record, Ms. Barton timely applied for a new trial. Before the trial court ruled, Ms. Barton withdrew her application and, within 30 days of that withdrawal, timely perfected a suspensive appeal of the January 13 judgment. CCP 2123. A judgment creditor may proceed with the execution of a judgment only after the delay for a suspensive appeal has elapsed. CCP 2252. The February 13 judgment was in partial execution of the January 13 judgment while the delay for a suspensive appeal had not elapsed, and that judgment of February 13, which was devolutively appealed, must be set aside as premature. CCP 2252. The 30 days allowed Ms. Barton in the January 13 judgment, which was suspensively appealed, does not begin to run until this opinion becomes final. CCP 2167. The trial court otherwise correctly ruled regarding the procedures below that led to these appeals, and the plaintiff's motion to dismiss the appeal(s) here is denied.
Ms. Barton does not contend that the trial court erred in making compensation between the respective demands of each party as CC 1880 directs. The only remaining issue then is the claim of plaintiff-appellees for damages for the alleged frivolous appeal. CCP 2164. Plaintiffs-appellees did not answer the appeal but made the claim in the motion to dismiss in this court: "plaintiff-appellees ... respectfully move to dismiss the appeal ... and to assess defendant-appellant ... attorney fees for a frivolous appeal ..."
Damages for a frivolous appeal were allowable under the old Code of Practice. See comment (e) under CCP 2164. Before and after the enactment of the Code of Civil Procedure in 1960, cases interpreting the statutory authority for such damages, *1311 squarely held that a motion to dismiss an appeal cannot be based on the grounds that the appeal is frivolous and that damages for a frivolous appeal cannot be claimed on a motion to dismiss, but only by an answer to the appeal. CCP 2133, Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956); Meyers, Whitty & Hodge, Inc. v. Popich Marine Const., 143 So.2d 739 (4th Cir. 1962). Damages for frivolous appeal are denied.
The judgment of February 13, 1981, is set aside and the judgment of January 13, 1981, all at appellant's cost, is AFFIRMED.
NOTES
[1] Britton v. Britton, No. 14,617, unpublished opinion rendered August 26, 1981. This was the most recent of a series of protracted litigation involving these parties. Earlier we considered an eviction action in Barton v. Britton, No. 14,169, unpublished opinion rendered June 10, 1980, and a summary judgment in Britton v. Britton, No. 14,553, unpublished opinion rendered April 20, 1981.