SCHOTT, Chief Judge.
This is a wrongful death claim for a motorcyclist against his uninsured motorist (UM) insurer. This was a hit and run accident to which there were witnesses, but the insurer claimed no coverage because there was no physical contact by the automobile with the motorcycle or with the cyclist. The trial court granted summary judgment dismissing plaintiffs’ suit and they have appealed claiming there are genuine issues of material fact.
Appellants rely on three depositions. The first was of Charles Beckman who was driving in the left lane when the cycle passed him on the right and moved into the left lane ahead of Beckman followed by an automobile. At some point the cycle seemed to contact the curb and went out of control. It was in close proximity to the automobile but Beckman saw no contact. On the other hand he could not say the vehicles did not touch and he stated that the cyclist’s leg could have contacted the car.
Harold Finkle, who was driving a few cars behind the motorcycle when the accident happened, saw the motorcycle in the left lane when a car pulled behind the cycle and then it struck the curb. Finkle first stated that he saw no contact between the car and the cycle but it was possible that the car touched the cyclist’s hand or leg. Finkle stated that the car was twelve to eighteen inches from the motorcycle when it ran off the road.
Mrs. Korrika did not see the accident but she heard a “crash” and then a “whine” which she thought was the motorcycle scraping on the curb.
Summary judgment is appropriate only when there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. C.C.P. art. 966. This procedure is not intended as a means of circumventing trial on the merits; any doubt, even the slightest, is resolved against granting the motion; and the likelihood of success on the merits is irrelevant to the question of granting it. Bank of New Orleans & Trust Company v. Monco Agency, 457 So.2d 221 (La.App. 4th Cir.1984), writ denied 461 So.2d 318.
The depositions above create a doubt against the summary judgment because it can be inferred from the testimony of these witnesses there was some physical contact. The depositions do not put the issue to rest.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiffs denying defendant’s motion for summary judgment. The case is remanded to the trial court. All costs of this appeal are taxed against defendant with the costs to await the final outcome.
REVERSED AND REMANDED.