DOUCET, Judge,
dissenting.
I respectfully dissent.
It must be remembered that this is a review of a motion for summary judgment. Even the slightest doubt with regard to the existence of an issue of material fact is to be resolved in favor of a trial on the merits. No summary judgment is to be granted even if the trial court has grave doubts with regard to the opponent’s ability to establish disputed facts and prevail at trial. Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991); Boudreaux v. Freeport Chemical Co., 576 So.2d 615 (La.App. 4th Cir.1991); Cooke v. Allstate Ins. Co., 575 So.2d 404 (La.App. 4th Cir.1991); Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788 (La.App. 3rd Cir.), writ denied, 525 So.2d 1048, 1049 (La.1988); Adams v. Travelers Ins. Co., 420 So.2d 507 (La.App. 2nd Cir.), writ denied, 422 So.2d 426 (La.1982); Aydell v. Charles Carter & Co., Inc., 388 So.2d 404 (La.App. 1st Cir.), writ refused, 391 So.2d 460 (La.1980).
After reviewing the record, I believe that an issue of material fact remains with regard to Falgout’s authority to bind the corporation.
A corporate officer must have express authority from the corporation to encumber real property owned by the corporation. La.C.C. arts. 2996 and 2997; Hibernia Nat. Bank v. National Bank of Commerce, 204 La. 777, 16 So.2d 352 (La.1943); Marsh Investment Corp. v. Langford, 490 F.Supp. 1320 (USDC E.D.La.1980), aff’d. 652 F.2d 583 (C.A.5 1981), cert. denied 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982).
“Louisiana law is clear that any action taken in the name of a corporation that is unauthorized by the corporation cannot bind the corporation. Margolis v. Allen Mortgage & Loan Corp., 268 So.2d 714 (La. 4th Cir.Ct.App.1972); Stevens v. Booth Motor Co., 9 La.App. 535, 119 So. 725 (2d Cir.1929).”
Marsh Investment Corp. v. Langford, supra.
An invalid corporate resolution cannot bind the corporation, no matter what authority it purports to give. National Bank of Bossier City v. Nations, 465 So.2d 929 (La.App. 2nd Cir.1985); Marsh Investment Corp. v. Langford, supra. If the corporations were not bound, SLB cannot collect from them.
While the majority states that the cases cited above for the proposition that a corporation cannot be bound by a forged authority are distinguishable because those cases dealt with forged signatures, the differ- *382 enees between those eases and this case are negligible. In this case, the resolution itself may have been a forgery and, although signed by the parties who normally signed corporate resolutions, may have been signed by them without authority.
The language of National Bank of Bossier City v. Nations, supra, at page 935, seems particularly apt.
We feel that NBBC’s alleged reliance on the forged document can be of no avail in light of these code articles and the famous precept of McDuffie v. Walker, 125 La. 152, 51 So. 100, 105 (1910): “Fraud cuts down everything.” There is a “radical invalidity of forged instruments affecting land” under Louisiana law. Gulf South Bank & Trust Co. v. Demarest, 354 So.2d 695 (La.App. 4th Cir.1978). See also First Nat’l Bank of Ruston v. Mercer, 448 So.2d 1369 (La.App. 2d Cir.1984).
The court in that case at pages 935-936 refers to Marsh Inv. Corp. v. Langford, as follows:
“A similar situation was presented in Marsh Inv. Corp. v. Langford, 490 F.Supp. 1320 (E.D.La.1980), aff’d, 652 F.2d 583 (5th Cir.1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). The facts in this fascinating case included a non-existent directors meeting, an imaginary corporate secretary, a resolution and assorted affidavits that were forged, and a corporation controlled by Carlos Marcello. After noting that the evidence did not support a finding of apparent authority, the court explained further:
Even more, it is not even clear that the doctrine of apparent or inherent authority can apply in this case. The Louisiana civil code provides that the power must be express and special for an agent “[t]o incumber or hypothe-cate.” [LSA-C.C. art. 2997.] So it seems that not even Carlos Marcello himself, or any officer of Marsh for that matter, could have validly executed these mortgages, because even though the corporation usually followed Marcello’s recommendations, he was not expressly authorized by resolution to take such action in the name of the corporation. 490 F.Supp. at 1327.” (emphasis added)
While this question of authority remains, I do not believe summary judgment is appropriate.
In order to affirm the summary judgments, the majority relies on DeSoto Corp. v. Roberts Lumber & Grain Co., 174 La. 620, 141 So. 78 (1932). I believe that case to be distinguishable from the one before the court. In that case, a meeting was held and the actions of the president were authorized at the meeting. On appeal, only technical and formal irregularities in the meeting at which the resolution was passed were interposed.
The situation in these consolidated cases was quite different. The minutes of the meetings of the boards of directors of Pioneer and E.F. Realty contain no reference to any resolution granting Falgout authority to incur debt or to encumber corporate property. In fact, the minutes contain reference to the fact that Falgout acted without authority. This raises at least an inference that Falgout acted without authority.
On motion for summary judgment, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). There is at least the inference that the Board of Directors never considered the purported resolution at any meeting an that the “resolution” was purely and simply fabricated by the president.
Additionally, I believe that we are ignoring the other possible innocent third parties — the corporations who will ultimately be held liable, without benefit of trial on the merits, for the actions of a possibly self-serving president who they may not have authorized and possibly had no knowledge of.
Further, I question the adequacy of the affidavits furnished in support of South Louisiana Bank’s motion for summary judgment. They contain no statement with regard to credits made against the loan *383 accounts balance due or default. Additionally, the affidavit in our Docket No. 90-542 indicates that payment was made to Falg-out, then indicates the distribution without indicating how this is within the affiant’s knowledge.
In light of the considerable doubt as to the appropriateness of summary judgment in this case, it is my opinion that this case should be remanded to the court for resolution of this issue of authority and so that evidence might be taken as to the disposition and use of funds borrowed.