HERGET, Judge.
In these two suits the plaintiffs, Dr. Theodore A. LiRocchi and Sam Culotta, instituted executory proceedings foreclosing on two mortgage notes executed by Harry L. Keen, Jr., Mrs. Nena S. Keen and Jack H. Keen. An intervention was filed in each suit on behalf of Mrs. Thelma Perkins, Mrs. Ellen Bryan Moore and Mrs. Christine Benda alleging ownership, in indivisión, of a vendor’s lien mortgage note secured by the property upon which Plaintiffs had instituted their foreclosure proceedings. In connection with said interventions a rule nisi was issued in both suits calling upon the Sheriff, Plaintiffs and Defendants to show cause why the sale of Lots 1, 2, 23 and 24 of Stevensdale Park should not be made under benefit of appraisement and said lots sold separately from other properties foreclosed on in the proceedings and the Intervenors paid by preference and priority over all other persons, including Plaintiffs, the full amount of their claim of principal, interest and attorney fees, out of the proceeds of the sale of the lots enumerated supra.
The two suits were consolidated for the purpose of trial with separate judgments to be rendered.
For oral reasons assigned, the Trial Judge rendered judgment in each suit making the rule nisi absolute and ordering the appraisement of Lots 1, 2, 23 and 24 of Stevensdale Park Subdivision and the sale of said lots made separate from other property foreclosed on in the same proceedings and in-tervenors Mrs. Thelma Perkins, Mrs. Ellen Moore and Mrs Christine Benda to be paid out of the proceeds of the sale of these lots by preference and priority over all persons, including plaintiffs Dr. Theodore LiRocchi and Sam Culotta, the full amount of Intervenors’ claim of $24,000 together with interest thereon from January 9, 1959 until paid, subject to the credits of two (2) $700 payments on August 26, 1959; one (1) payment of $699.75 each on *614 the following dates: August 31, 1959, September 11, 1959, September 29, 1959, December 4, 1959 and May 4, 1960, together with 10% additional on the principal and interest as attorney fees, and all costs. From said judgments Plaintiffs appealed.
Intervenors were the owners, in indivi-sión, of a 9.23 acre tract of land on the Baton Rouge-Hammond Highway. On January 9, 1959 they sold this property to Harry L. Keen, Jr., Mrs. Nena S. Keen and Jack H. Keen for a consideration of $30,000, of which amount $6,000 was paid in cash and for the remainder of $24,000 vendees made and executed their note secured by a vendor’s lien and mortgage on the property conveyed. In the act of sale it was agreed the property would be subdivided into twenty-four lots, of which Lots 1, 2, 23 and 24 would be designated as commercial lots and Lots 3 through 22 as residential lots. Vendors agreed to release the residential lots upon payments of certain sums and further agreed to subordinate their mortgage note, specifically using this language: “ * * * Said sellers do hereby further specifically agree to appear in acts of subordination or sales of any of Lots Three (3) through Twenty Two (22), being the residential lots, or in any of the acts of mortgage thereof, to subordinate the mortgage and vendor’s lien and privilege herein stipulated to any subsequent mortgages.”
On February 12, 1959 Intervenors appeared before a notary public and executed an act naming, constituting and appointing D. Haywood Moore, husband of Mrs. Ellen Moore, “ * * * their true and lawful attorney-in-fact, for them and in their names, places and steads to subordinate the mortgage and vendor’s lien and privilege stipulated in that certain act of sale with mortgage dated January 9, 1959 hereinafter mentioned to any subsequent mortgages in accordance with said act of sale with mortgage dated January 9, 1959 * * (Emphasis supplied.)
On August 4, 1959, the date on which the mortagages to Plaintiffs involved in these two suits were executed, D. Haywood Moore appeared before a notary acting “ * * * pursuant to and by virtue of that certain power of attorney dated February 12, 1959 * * * ” and subordinated In-tervenors’ vendor’s lien and mortgage of date January 9, 1959 executed in connection with their sale to Harry L. Keen et al. to the mortgages executed by Harry L. Keen, Mrs. Nena S. Keen and Jack H. Keen to Plaintiffs secured by liens on the residential lots and on Lots 1, 2, 23 and 24 of Stevens-dale Park.
Intervenors maintain the procuration granted by them to their agent, D. Haywood Moore, gave him no authority to subordinate in totality their vendor’s lien and mortgage to the mortgages of Plaintiffs. It specifically authorized him to grant such subordinations as they had agreed to in the act of sale and his authority to subordinate in their places and steads was limited to such act. Accordingly, in subordinating their mortgage on Lots 1, 2, 23 and 24 of Stevensdale Park Subdivision, the agent, D. Haywood Moore, exceeded his authority and such alleged subordinations were nul-lities. In separate individual suits Inter-venors instituted mandamus proceedings against Perry M. Johnson, Clerk of Court, and Plaintiffs, to cancel the acts of subordi-nations executed by D. Playwood Moore insofar as Lots 1, 2, 23 and 24 were concerned as being nullities, the allegations based on the same contentions as those upon which their interventions were filed. These suits are still pending in the Nineteenth Judicial District Court.
Plantiffs contend, alternatively, when a power of attorney is susceptible of different interpretations the principals may not repudiate the agent’s acts if he misunderstood the instructions of the procuration, and that Intervenors ratified their agent’s acts by silence for one year after the execution of the acts of subordinations.
On the consolidated trial of the cases no evidence was offered Intervenors in any *615 way expressly ratified the acts of their agent in exceeding the authority vested in him, so that the issues to be resolved on these appeals are: ■ (1) Was Mr. Moore authorized to execute the subordinations of Interven-ors’ mortgage affecting the commercial lots ? And (2) if not so authorized, Did Inter-venors by their silence for a period of one year ratify the action of their agent?
Plaintiffs do not charge Intervenors, nor their agent, with fraud. There is no testimony to the effect that either Intervenors or the agent attempted in any way to represent the authority conferred upon Mr. Moore was other than that specifically provided in his procuration which, in fact, was referred to in the acts of subordinations as his “authority to subordinate” and which procuration permitted his acting in respect to the subordinations only in accordance with the agreement of Intervenors in said sale with vendor’s lien and mortgage. Thus, the authority of the agent was specifically limited, expressly so, and his acts in subordinating Intervenors’ mortgage of Lots 1, 2, 23 and 24 exceeded his authority.
LSA-C.C. Art. 3010 provides:
“The attorney can not go beyond the limits of his procuration; whatever he does exceeding his power is null and void with regard to the principal, unless ratified by the latter, and the attorney is alone bound by it in his individual capacity.” (Emphasis supplied.)
In the absence of fraud and misrepresentations persons dealing with an agent are under the obligation to inquire as to the extent of his authority and where, as here, his authority to act is specifically represented to be in accordance with the procuration executed by his principals, his authority is strictly construed and cannot be extended by implication. Chaffe v. Stubbs, 37 La.Ann. 656; Herbert v. Langhoff, 185 La. 105, 168 So. 508; Buckley v. Woodlawn Developement Corporation, 233 La. 662, 98 So.2d 92.
From the uncontradicted testimony of Intervenors they were not aware of their agent’s acts exceeding the authority conferred upon him until just prior to the date on which mandamus suits were filed to cancel the recordation of the subordina-tions and they promptly intervened in these proceedings. Furthermore, we observe Plaintiffs’ positions were in no way affected by the silence or inaction on the part of Intervenors to nullify the unauthorized acts of their agent in subordinating their mortgage on the subject property. Plaintiffs did nothing to their own detriment because of the silence of the Intervenors. The silence and inaction of Intervenors in denouncing the authority of the agent subsequent to his exceeding the authority granted by Inter-venors to him did nothing to prejudice Plaintiffs’ rights. Plaintiffs’ unfortunate positions resulted from their mistaken beliefs the agent was empowered to subordinate Intervenors’ mortgage on August 4, 1959 insofar as the affected lots were concerned to that of Plaintiffs. When, on that date, the loans were made to the Keens the priority of the respective mortgages was fixed. It was a “fait accompli”. Had In-tervenors learned of their agent’s unauthorized acts immediately after the completion of the loans by Plaintiffs to the Keens and had, at that time, denounced the authority of the agent to so act in their behalf, the positions of the parties (Plaintiffs and Inter-venors) insofar as the priority of the mortgages (Plaintiffs’ or Intervenors’) would have been in no way affected, except the erroneous beliefs Plaintiffs had that they had obtained first mortgages on the lots in making the loans to the Keens would have been sooner dispelled.
As the agent exceeded the express authority in subordinating Intervenors’ mortgage on Lots 1, 2, 23 and 24 of Stevensdale Park to the mortgages of Plaintiffs and as Inter-venors did not ratify the acts of their agent, the judgments of the Trial Court are affirmed.
Affirmed.