*Copley*, appellant, *pro se.*

*McGuire*, for the defendants.

---

GEORGE W. COPLEY *v.* EBENEZER HUBBARD FLINT and another.

A power constituting one a "special and general agent and attorney in fact, delegating to him both general and special powers to manage all the business of the constituent, and more especially to draw notes and drafts, and to endorse those made by himself or others," does not authorize the agent to bind his principal as surety, *in solido*, with himself, in a contract relating exclusively to his own interests.

---

APPEAL from the District Court of Ouachita, *Curry*, J.

BULLARD, J. Judgment is asked, *in solido*, against the two defendants, on a contract entered into by Flint alone, assuming to act for himself, and as attorney in fact of Thomas. The instrument, which evidences this contract, recites, that Flint had given to Copley an order on Judge Peets, for a note made payable to E. H. Flint & Co. for about $945, bearing interest at ten per cent, which note, if collected by Copley, is to go in entire satisfaction of a debt of one thousand dollars, to bear interest from the date of the agreement, which they jointly and severally promise to pay to said Copley, for a good and valid consideration. It is further stipulated, that if the note should not be collected, or realized, before the 1st of September, 1839, the above sum of $1000 is to be considered due, with interest, and they engage to pay without suit, and with as little delay as possible. The contract is signed by Flint for himself, and as attorney in fact.

It is evident, that the contract was for the sole benefit of Flint in the purchase of a tract of land, and that Thomas was only surety.

The defendants were condemned to pay, *in solido*, and Thomas has appealed.

He was interrogated on facts and articles, and asked, among other things, whether E. H. Flint was not his duly authorized agent and attorney to sign the obligation above described. Thomas answered this interrogatory, " that he never gave E. H. Flint a special power, and unless it is contained in the annexed power of attorney, he never gave it."

Annexed to the answers is the copy of a power of attorney, dated in 1836, in which Thomas declares, that he has appointed " E. H. Flint my special and general agent and attorney in fact, hereby delegating to my said attorney, both general and special powers to manage all and singular *my* business, and more especially to make notes, draw drafts, and endorse notes, or drafts drawn by himself, the house of which he is a member, or by other persons, to check in bank or otherwise, binding myself to ratify and confirm all his acts, both as general and special agent and attorney in fact, as fully as if the same were done, made, drawn, endorsed, or accepted by me in person."

It is to be remarked, that the authority conferred on Flint by this power of attorney, relates principally to the business and interests of Thomas.   The · agent is authorized more especially to make notes, draw drafts, or endorse drafts drawn by himself, or the house of which he is a member, or other persons.   But it does not appear to us to empower the agent to bind Thomas as his surety, *in solido*, in a contract which concerned the interest of the agent alone in the purchase of land.   An authority to endorse notes or drafts, is different from one to bind the constituent as surety, *in solido*.

We have not found in the record any evidence of ratification.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed, and that there be judgment for the defendant, Thomas, as in case of nonsuit, with costs in both courts.

*Copley, pro se.*

*McGuire* and *Ray*, for the appellant.