## No. 1124.

### JOHN CHAFFE, ADM'R, vs. F. P. STUBBS ET ALS.

Although the burden may be on defendant who avers a compromise, a case will be remanded for further evidence where, the ends of justice requiring it, the proof is seemingly incomplete, and plaintiff has offered to disprove authority claimed to have been by him delegated.

A PPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*M. L. Liddell* for Plaintiff and Appellant:

The burden of proof is on the defendant who avers a settlement in full. 22 Ann. 106.

Under our law replications to an answer are unnecessary, as the law raises for the plaintiff every defense of law and fact, and he is to be considered as denying any new matter set up by the defendant. 13 Ann. 412; 5 Ann. 294.

So the defendant who pleads a discharge or settlement with an agent must prove his authorization. 29 Ann. 363.

It is no part of the professional duties of an attorney to compromise litigations. Such authority must be express and special. C. C. 2966; 16 Ann. 51; 18 Ann. 54.

The denial of an attorney's authority to compromise a pending litigation does not have to be under oath. Such oath is only required when he acts within the scope of duties imposed on him by his profession in judicial proceedings. 10 M. 639; 9 M. 95; 10 Ann. 350, 669.

Chaffe vs. Stubbs et als.

*Franklin Garrett* and *Stubbs & Russell* for Defendants and Appellants.

1. "All persons have the capacity to contract, except those whose incapacity is specially declared by law. These are persons of insane mind, those who are interdicted, minors, and married women." C. C., 1782.

2. "A *transaction* or *compromise* is an agreement between two or more persons, who, for preventing or putting an end to a law-suit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be reduced into writing.' C. C., 3071; 23 Ann. 696.

3. All persons not excepted by C. C. 1782, may undertake the contract of compromise; but tutors of minors and curators of absentees and of interdicts must be specially authorized by the judge. C. C. 3072.

4. "Transactions have, between the interested parties, a force equal to the authority of the thing adjudged. They cannot be attacked on account of any error in law or any lesion (otherwise in partitions, C. C. 1398; 13 Ann. 338). But an error in calculation may always be corrected." C. C. 3078; 3 Ann. 95; Rabun vs. Pierson, 23 Ann. 697-8.

5. Transactions cannot be *changed* but may be *rescinded* when there exists error in the person or matter in dispute, fraud or violence, null title, unless the compromise was on the nullity, false documents, and a suit terminated by definitive judgment without knowledge of parties. C. C. 3079, 3080, 3081, 3082; 13 Ann. 62; 16 Ann. 344.

6. Boatner acted as attorney and agent of plaintiff in the transaction. As attorney, he cannot plead ignorance of the legal effects of signing the transaction; "no one can allege ignorance of the law." C. C. 7. What cannot be alleged cannot be proved. As agent he cannot question his own authority. Dunn vs. Branner, 13 Ann. 455.

7. The act of compromise was admitted in evidence without objection. Nobody has attacked the authority of either Boatner representing plaintiff, or Stubbs representing defendants, to make and to sign the transaction. There was, then, no error in the persons. The matter in dispute was the liability of the defendants under the judgment and bond sued on which is fully set forth in the act of compromise. There is no pretense of fraud, or of any legal requirement necessary to rescind a transaction. To change the transaction would be "to substitute another in its place. The agreement was entire; it has long since been executed by both parties; no recision is claimed on the ground of error, fraud, or breach of condition. We think the case is with the defendants." Robertson vs. Wilcox. 3 Ann. 96.

8. The plaintiff has received a large sum of money; "he cannot be permitted to enjoy the fruits of the compromise, and at the same time to repudiate the corresponding obligation imposed on him by it." Stewart vs. Haas, 23 Ann. 784. If a transaction be rescinded, "the effect of the annulment is to restore things to the condition they were in previous to the compromise." 26 Ann. 434. Is the restoration possible in this case?

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action by a succession representative against the sureties on the official bond of his removed predecessor, who died thoroughly insolvent.

The suit was originally for some $45,101 40, being the amount of the judgment obtained against the succession of the deceased administrator, but, owing to credits subsequently acknowledged, the claim is reduced to $10,609 36.

The sureties do not contest their liability to a certain extent. They rely on a compromise alleged to have been entered into, since suit, under which they claim that the only judgment which can be rendered against seven of them is one for $10,500 *in solido*; judgment, however, to go against the succession of one of them, T. Purcell, for $1500, independently.

From a judgment of *non suit* both parties have appealed.

On the trial the defendants introduced in evidence the act of compromise asserted by them. In rebuttal the plaintiff offered to prove that the person representing himself therein as agent had not been clothed with the power of entering into *such* a contract and had exceeded what authority had been conferred on him. The evidence having been excluded, bills were reserved to the rulings of the district judge.

However much it may be claimed as a legal proposition, that the acts of the agent bind the principal, this can only be truly said when the former acts within the scope of his mandate.

Where the power is not exhibited at the time of the contract with the agent and does not form part of it, it is clear that the acts of the latter cannot conclude his constituent, who at all times enjoys the privilege of showing by competent evidence, either that his instructions were not carried out or have been transgressed.

Whoever deals with an agent is put on his guard by the very fact and does so at his risk. It is his right and duty to inquire into and ascertain the nature and extent of the powers of the agent and to determine whether the act or contract about to be consummated comes within the province of the agency and will or not bind the principal.

If the power exhibited is sufficient, the principal will not be permitted to gainsay the acts of his representative, but if it is not, he is warranted in repudiating them.

In the present instance, the written instrument termed the *"compromise"* does not show on its face that Mr. C. J. Boatner, who therein represented the plaintiff, acted in his professional capacity. So that the question of presumptive authority to compromise does not arise and cannot be determined. He there appears to have acted in his individual capacity only and as an ordinary agent usually does.

The law requires that the power to compromise be conferred by specially delegated authority. R. C. C. 2966.

Strictly, the defendants should have themselves established the authority of the agent; but as the plaintiff does not deny an agency

and proposes to prove that the powers which he delegated have not been followed, but, on the contrary, were departed from, it is nothing but just to permit him to do so.

We think the rejected evidence should have been allowed.

It is therefore ordered and decreed that the judgment appealed from be reversed, and it is now ordered that the case be remanded to the lower court with directions to receive the excluded evidence, and to be further proceeded with as the law provides,—the costs of appeal to be paid by the defendants and appellants, those of the lower court to abide the final determination of the suit.

FENNER, J. takes no part, not having heard argument.

## ON REHEARING.

Considering that the proceedings herein, including and subsequent to the filing of the amended petition, are evidently based on the written compromise, which is either valid as a whole or not at all, we will not hold the defendants subject to harm from their neglect to prove authority, but adhere to our original decree herein, which we think is conducive to justice and remains undisturbed.