No. 4056

Second Circuit

NATCHITOCHES MOTOR CO., INC., v. CAMPBELL

(July 14, 1931. Opinion and Decree.)

R. W. Oglesby, of Winnfield, attorney for plaintiff, appellant.

Cas Moss, of Winnfield, and C. H. Mc-Cain, of Colfax, attorneys for defendant, appellee.

DREW, J. Plaintiff sued for $125, alleging that defendant, a general contractor for the Louisiana highway commission, was engaged in constructing a road near St. Maurice, La.; that it sold and delivered an automobile to E. L. Epperson, who was at the time doing work as a subcontractor for defendant; that the said Epperson gave petitioner an order on defendant to pay to petitioner the moneys due him on the truck pay roll, Epperson being at the time engaged in hauling for defendant; that on the same day defendant gave petitioner a written promise to pay the sum of $125, on or about June 20, 1930, and it attached the two documents to its petition and made them a part thereof.

It further alleged that defendant has failed to pay out of the money due Epperson, which was sufficient to pay the said order; it alleged that the order was accepted in good faith by plaintiff and accepted by defendant, through his agent, A. V. Hudnall, who had charge of the pay roll on this particular job; and that the money due Epperson was diverted to other channels, and that defendant is therefore liable.

Defendant filed an exception of no cause or right of action, which was referred to the merits. Answer was filed denying the principal allegations of plaintiff's petition and especially denying that A. V. Hudnall was authorized to accept the order alleged on or to give an order or promise to pay for defendant or to sign said defendant's name to said order or acceptance. That he was without mandate or authority to issue a written obligation to pay plaintiff any amount.

He called in warranty Booth Motor Company, Incorporated, to whom the money due Epperson had been paid on a prior order given by Epperson and accepted by defendant. Booth Motor Company, Incorporated, answered, setting up the same defense as made by defendant and admitting its liability to defendant should he be held liable to plaintiff under the written agreement made with defendant at the time the money due Epperson was paid to warrantor.

The lower court rendered judgment rejecting plaintiff's demands, and it has appealed to this court. Defendant did not appeal and has not answered the appeal. Therefore the exception of no cause or right of action is not before us for decision.

Defendant has specifically denied the authority of A. V. Hudnall to accept the order given by Epperson and to issue a promise to pay, and the burden of proving the authority of Hudnall is therefore upon the plaintiff. In that plaintiff has failed. McCarty v. Straus, 21 La. Ann. 592.

"An express authority is necessary to authorize an agent to bind his principal, by a contract of suretyship, for a stranger." Rev. Civ. Code, article 2997; Gates v. Bell, 3 La. Ann. 62; State ex rel. Merchant v. Daspit, 30 La. Ann. 1112.

"The power of an agent to acknowledge a debt must be more specific than that which enables him to contract one." Richard v. Bird et al., 4 La. 305.

"Whoever deals with an agent is put on his guard by the very fact and does so at his risk. It is his right and duty to inquire into and ascertain the nature and extent of the powers of the agent and to determine whether the act or contract about to be consummated comes within the province of the agency and will or not bind the principal." Chaffe v. Stubbs, 37 La. Ann. 656.

The documents on which plaintiff relies for recovery read as follows:

"St. Maurice, La., June 12, 1930.
"Natchitoches Motor Co., Natchitoches, La.
"Gentlemen: Upon request of Mr, E. L. Epperson, we will honor order on moneys due him on truck payrolls.
"Very truly yours,
"A. C. Campbell
"By A. V. Hudnall."

"St. Maurice, La., June 12, 1930.
"Natchitoches Motor Co., Natchitoches, La.
"Gentlemen: We hold Mr. E. L. Epperson's order in your favor in amount one hundred and twenty-five dollars ($125.00), and will pay you on or about June 20th any moneys due him on our truck payrolls, up to this amount.
"Very truly yours,
"A. C. Campbell
"By A. V. Hudnall."

The record discloses that Hudnall was in the employ of defendant as assistant engineer and general utility man; that he assisted with the books and in preparing the pay roll; that he did not have authority to issue checks, this being done by defendant only; that L. T. Henderson was the general superintendent, under whom Hubnall works; that Hubnall had no authority, either express or implied, to bind the defendant by contract or as surety, or to promise to pay the debt of another, or to accept an order on defendant, the only power conferred upon him was to perform the duties of an engineer and to do whatever else he was instructed to do.

It is shown that the documents sued on were not sent to the office of the defendant and were not brought to his attention until he was in the act of paying the moneys due Epperson to the Booth Motor Company, Incorporated, under an order previously given and accepted, or acquiesced in by the defendant. Hudnall would have had to have express authority from defendant before he could bind defendant on the order and acceptance sued on (Rev. Civ. Code, art. 2997), and it is enough to say that the record fails to disclose that he had such express authority. To the contrary, it clearly shows that he did not have authority either express or implied, and that his actions, when brought to the knowledge of defendant, were at once repudiated. Whether defendant paid the moneys due Epperson to Booth Motor Company, Incorporated, or to Epperson, is immaterial, the plaintiff cannot recover.

Defendant has advanced other reasons why plaintiff cannot recover, but, under our finding on the point discussed, it is unnecessary to pass on it. The judgment of the lower court is correct, and it is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed, with all costs of both courts.