SWIFT, Judge.
The plaintiff, Surplus Underwriters, Inc., a surplus line insurance brokerage firm, obtained policies of workmen’s compensation and liability insurance for defendant, Lively’s Welding & Equipment Company, Inc., for the period from October 5, 1966 to October 5, 1967, at the request of the defendant insurance agency, Simmons & Associates. The insurance was solicited by the latter’s representative, Paul W. Davidson, who was also employed by Lively.
Lively failed to pay the premiums timely, and in March, 1967, plaintiff threatened to cancel the policies unless Simmons & Associates guaranteed payment thereof. The latter’s general manager, Gordon J. Troyer, Jr., did so for his employer by letter dated March 13, 1967. Troyer had also obligated Simmons & Associates to pay such premiums in two letters to plaintiff dated September 30, 1966, requesting procurement of the policies. No payments were made by the insured after July 2, 1967, and this suit to recover the premiums due under the policies was instituted against “William M. Simmons, d/b/a Simmons & Associates” and Lively’s Welding & Equipment Company, Inc.
Simmons & Associates is a partnership composed of William M. Simmons and Fisher E. Simmons, Jr. An answer was filed on behalf of William M. Simmons and the partnership admitting the issuance of the policies, but denying that they guaranteed payment of the premiums due thereon. Alternatively, through a third party demand, these defendants sought indemnification from Lively’s Welding & Equipment Company, Inc. for any judgment rendered against them in favor of plaintiff, and also demanded a fifty per cent contribution from Paul W. Davidson for any amount which defendants were held liable to plaintiff. Mr. Davidson denied the alleged indebtedness to Simmons and the agency, and reconvened against them for commissions allegedly due him for insurance which he solicited in 1967 and 1968.
After a trial on the merits the judge concluded that Gordon Troyer had general authority to conduct the business and affairs of Simmons & Associates which at least included implied authority to bind the insurance agency to guarantee payment of the premiums on the policies in question. Judgment was rendered on the principal demand in favor of plaintiff against Simmons & Associates only for $12,195.47 with *532 legal interest and costs. No judgment was rendered against Lively’s Welding & Equipment Company, Inc. despite its failure to answer, because preliminary defaults had not been entered against that defendant. The third party demand against Mr. Davidson was dismissed with prejudice, and judgment was rendered in favor of the latter on his reconventional demand against Simmons & Associates for $119.99 and interest.
Simmons & Associates have taken this appeal. However, in oral argument they agreed to pay that part of the judgment rendered in favor of Paul W. Davidson. Consequently, that issue is no longer before the court.
It is undisputed that the letters of September 30, 1966, and March 13, 1967, purport to be contracts of suretyship which would bind Simmons & Associates if Mr. Troyer had been duly authorized to act for the partnership. Therefore, the principal question to be determined on this appeal is whether or not an agent’s authority to bind his principal to a contract of suretyship must be express, special and in writing.
LSA-C.C. Article 2992 provides that a power of attorney may be given either in writing or “ * * * verbally, but of this testimonial proof is admitted only conform-ably to the title: Of Conventional Obligations.’
Referring to Title IV “Of Conventional Obligations”, Chapter 6, Section 2 entitled “Of Testimonial Proof”, we find:
“Art. 2278. Parol evidence shall not be received:

“3. To prove any promise to pay the debt of a third person.
“4. * * * But in all cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party who is alleged to have made the acknowledgment or promise or by his agent or attorney in fact, specially authorized in writing so to do. * * (Emphasis by this court.)
Thus, by these plain provisions of our civil code an agent must be “specially authorized in writing" to bind his principal to a contract of suretyship. (Emphasis supplied.)
That such power must be express and special in the mandate is required by LSA-C.C. Article 2997, as it is not merely an act of administration. Copley v. Flint, 6 Rob. 56 (1843); State v. Powell, 40 La. Ann. 234, 4 So. 46 (1888); Natchitoches Motor Co. v. Campbell, 17 La.App. 425, 136 So. 133 (2d Cir. 1931).
By way of analogy it is noted that Article 2275, which requires that “Every transfer of immovable property must be in writing ; * * * ”, appears in the same section of the Louisiana Civil Code as Article 2278. In the early case of Miller v. New Orleans Canal & Banking Co., 8 Rob. 236 (1844), the Louisiana Supreme Court said:
“ * * * Whenever the law requires a contract to be in writing, the power to execute it must be in writing also; * * *.” (Page 242).
The principle was referred to in Bolding v. Eason Oil Company, 170 So.2d 883 (La.App. 4 Cir., 1965) wherein this court said:
“ * * * Under LSA-C.C. art. 2997 the power to buy or sell must be expressed and special, and according to. well established jurisprudence, a mandate to contract to buy or sell real estate must, like the contract itself, be in writing. * * (Page 891).
And more appropriately that decision also stated:
«* * * Under LSA-C.C. art. 2278, written evidence is necessary to prove any acknowledgment or promise to pay the debt of a third person, and as a corollary, Williamson could not bind Gris- *533 wold to pay Merrill’s debt in the absence of written authority.” (Page 891).
Although certiorari was granted in Bolding, 248 La. 269, 178 So.2d 246 (1965), the decision of the Supreme Court did not in any way alter the rules of law quoted above.
The case of First Nat. Bank v. Johnson, 130 La. 288, 57 So. 930 (1912), lends no support to plaintiff’s position. Parol evidence was admitted there to prove the authority of an agent to endorse a note for his principal, Arcadia Planing Mill Company. However, the note was made payable to Arcadia, and it was endorsed in order to obtain the proceeds of the loan from the plaintiff bank. In concluding that Article 2278 was inapplicable the court said:
“But the debt sued on is not the debt of a third person. It is that of the Arcadia Planing Mill Company.” (Page 932).
In other words, the agent acted therein to bind his principal to pay its own debt, not that of the third person.
We therefore conclude that while Mr. Troyer was generally authorized to conduct the business of the partnership, Simmons & Associates, he was incapable of obligating it to guarantee payment of the premiums due plaintiff by Lively’s Welding & Equipment Company, Inc. under the policies involved in this suit because of the absence of a written mandate containing such express and special authority. Consequently, the judgment rendered in favor of plaintiff against Simmons & Associates was erroneous and must be reversed.
In view of this conclusion there is no basis for defendants’ third party demands, which were asserted only in the alternative that judgment was rendered against them in favor of plaintiff.
For the foregoing reasons the judgment rendered by the lower court in favor of the plaintiff, Surplus Underwriters, Inc., and against the defendant, Simmons & Associates, is reversed and judgment is now rendered in favor of defendant, Simmons & Associates, and against plaintiff, Surplus Underwriters, Inc., rejecting the latter’s demands and dismissing this suit. In all other respects, it is affirmed. The costs of court, including this appeal, are assessed to appellee, Surplus Underwriters, Inc.
Reversed in part and affirmed in part.