350 So.2d 228 (1977)
RAY'S APPLIANCE AND AIR CONDITIONING SERVICE, INC., Plaintiff-Appellant,
v.
K & D ENTERPRISES, INC., et al., Defendants-Appellees.
No. 6112.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1977.
Rehearing Denied October 11, 1977.
Writ Refused December 9, 1977.
*229 Holt, Wagner & Lee by Charles F. Wagner, Pineville, for plaintiff-appellant, Everett L. Aymond.
Burnett, Harrison, Sutton & Walker by Bobby D. Sutton, Shreveport, Gist, Methvin & Trimble by David A. Hughes, Alexandria, Benjamin F. Day, Baton Rouge, for defendants-appellees.
Before CULPEPPER, GUIDRY and FORET, JJ.
GUIDRY, Judge.
The above numbered and entitled matter was consolidated with the case of Aymond v. K & D Enterprises, Inc., et al. our Docket # 6113, 350 So.2d 232, for purpose of trial in the district court and on appeal. The issues involved are similar in each case and evolve from a common set of facts. For the reasons hereinafter set forth we decide the issues in both suits in this opinion but will render a separate decree in the case last referred to.
Plaintiffs in both suits seek the recovery of certain sums of money allegedly due them for work performed on an apartment complex known as "Bayou Rapides Apartments" located in Alexandria, Louisiana.
The apartment complex is owned by a Louisiana partnership In Commendam known as "Bayou Rapides Apartments." Plaintiffs entered into contracts, as sub-contractors, with K & D Enterprises, Inc., as contractor, to perform certain construction work on the apartment complex. Plaintiffs completed their sub-contracts, and K & D paid Aymond the sum of $76,034.26 leaving a balance allegedly due him of $28,084.15 and paid Ray the sum of $44,917.00 leaving a balance allegedly due it in the amount of $23,450.70. Plaintiffs-appellants seek recovery of these last mentioned sums and join as defendants the contractor, K & D, the partnership in commendam known as "Bayou Rapides Apartments" and two of the individual partners, I. W. Knippers and Eddie Knippers.[1] At the time suit was filed plaintiffs had long since completed their sub-contracts (Bayou Rapides Apartments having formally accepted work under the contract with K & D by instrument dated October 6, 1972, recorded October 9, 1972 in Mortgage Book 699, folio 841, records of Rapides Parish, Louisiana, and these suits having been filed in October of 1974) and the period during which a lien *230 under LSA-R.S. 9:4801 et seq. could be filed had expired.
Various exceptions were filed by the partnership and the individual defendants all of which were referred to the merits. The partnership filed answer and by way of 3rd party demand sought indemnity over against Eddie W. Knippers for the full amount of any judgment which might be rendered against the partnership. At trial it was stipulated and agreed that judgment should be rendered in favor of Ray and against K & D in the sum of $23,450.70. It was likewise stipulated that judgment should be rendered in favor of Aymond and against K & D in the sum of $28,084.15. After trial on the merits the trial court dismissed plaintiffs suit against the partnership and individual defendants; dismissed the 3rd party demand of the partnership against Eddie W. Knippers; and, rendered judgment in plaintiffs' favor pursuant to the stipulation, against K & D. Plaintiffs and Bayou Rapides Apartments appealed.
Appellants seek judgment against the partnership and two of its individual members solely on the basis of two letters, each dated December 6, 1973, wherein the partnership allegedly obligated itself in writing to pay the debts owed to plaintiffs by K & D. Appellants urge that the letters referred to constitute a promise in writing by the partnership to pay the debt of K & D, a third party, pursuant to the provisions of LSA-R.C.C. Article 2278. Appellants assert that if the partnership is liable, as alleged, its individual members are likewise liable.
The letter written to Aymond, which is dated December 6, 1973 and which was signed for the partnership by Eddie Knippers as "General Partner" reads in pertinent part as follows:
"This is to advise you that the Bayou Rapides Apartments are fully aware that they are indebted to you for the sum of $28,084.15 for labor and materials furnished on the Bayou Rapides complex in Alexandria, Louisiana.
This is to also advise that this said amount will be paid in full at the time of final endorsement of this loan or within 45 days after this loan has been finally closed. It is anticipated that this loan should receive its final closing within 30 to 60 days from the date of this letter. . ."
The letter written to Ray contains the exact same wording as the Aymond letter except for the amount owed (the amount stated to be owed to Ray being the sum of $25,490.00) and is also signed for the partnership by Eddie Knippers as "General Partner".
Much evidence was adduced at the trial without objection concerning the effect of the letters and the alleged intention of the parties at the time of execution. Appellants contended and so testified that the letters were intended to and did constitute an unconditional promise to pay the debts which were admittedly owed by K & D. On the other hand, defendants contended and testified that the letters were executed only to acknowledge an awareness on the part of the partnership, as owner, that the sums therein set forth were due and owing by the contractor and should be paid, if possible, from monies remaining and yet undisbursed. The trial court concluded that the letters did not constitute a promise by the partnership to pay these debts, pursuant to the provisions of R.C.C. Article 2278 and therefore plaintiffs were not entitled to judgment against the partnership and its individual partners. In his reasons for judgment the trial court stated:
"Irregardless of all other facts and contentions, it is clear that Bayou Rapides Apartments, In Commendum, (sic) was not indebted to plaintiffs when they were given. Assuming that the letters were signed with authority, no consideration was given by plaintiffs for them and no reliance to plaintiffs' detrement (sic) was placed upon them. Hence, the undersigned views them only as statements advising plaintiffs they would be paid but they had no legal significance."
We agree with the trial court that the letters have no legal effect insofar as they purport to constitute an agreement in writing *231 by the partnership to pay the debt owed by K & D to plaintiffs, however, we prefer to rest this conclusion on other grounds.
The articles of partnership of "Bayou Rapides Apartments" are contained in an authentic act dated August 17, 1971, which was recorded December 15, 1971, in Book 788, folio 428, records of Rapides Parish, Louisiana. In these articles I. W. Knippers is named as "General Partner" and the others partners, Eddie W. Knippers, Sidney E. Coxe and Lamar N. Coxe are designated as "Limited Partners". The articles of partnership specifically provide that the "General Partner" shall have the sole right to manage the business of the partnership and contract on behalf of the partnership. Additionally, these articles provide that ". . . No Limited Partner shall participate in, or have any control over, the Partnership business, or have any right or authority to act for or to bind the Partnership. . .". Equally important these articles further provide that no partner shall on behalf of the partnership become surety or guarantor for any person, firm or corporation or assume any liability in the name of the partnership for the accommodation or benefit of anyone. (Exhibit BR-1).
On the date the letters in question were executed, i. e., December 6, 1973, the partnership articles had been properly placed of record in Rapides Parish and as reflected by such articles Eddie W. Knippers, the individual who purported to execute same on behalf of the partnership, was a "limited Partner" without power or authority to bind the partnership. His lack of authority was not only evidenced by the articles of partnership (Article VI-VII(1)(6) but by the terms of R.C.C. Article 2844 which provides that "The partner in commendam cannot bind the other partner by any act of his . . .". Appellants contend in brief that the limitations under which the "Limited Partners" labored as a result of their contract and the Civil Code are ineffective because the Articles of Partnership were not recorded within six days of their execution as provided by R.C.C. Article 2847. There is no merit to this contention. The provisions of the cited article are merely directive. From and after the date the Articles of Partnership are recorded subsequent acts are governed by its provisions and third persons are placed on notice. Lachomette v. Thomas, 5 Rob. 172 (La.1843); Shalett v. Brownell-Kidd Company, 153 So.2d 425 (La.App. 1st Cir. 1963).
Appellants next contend that the partnership is bound by the acknowledgment of debt set forth in the letters because Eddie Knippers held himself out to be the "General Partner". There is no evidence in the record to support this contention other than the fact that Eddie Knippers signed the letter as "General Partner". In this latter connection the record clearly shows that the letter agreement was prepared in the H.U.D. office in Shreveport by personnel of that office after a relatively short discussion of the matter at which meeting the "General Partner", I. W. Knippers, was not present. It is not shown that at this meeting Eddie Knippers represented to plaintiffs or the personnel of that office that he was the "General Partner". Neither is it shown that Eddie Knippers directed, authorized or instructed the author of the letter to designate him as "General Partner". According to the testimony of Eddie Knippers after the letter was prepared he signed same without noticing that he was purportedly signing as the "General Partner". The trial court found no merit in this contention and we discern no manifest error in this conclusion.
Appellants next contend that I. W. Knippers the "General Partner" acquiesced in and verbally authorized execution of the letters by Eddie W. Knippers. There is no evidence to support this contention. In addition, it is well settled that an agent must be specially authorized in writing to bind his principal to a contract of suretyship. R.C.C. Article 2278; Surplus Underwriters, Inc. v. Simmons, 236 So.2d 530 (La.App. 4th Cir. 1970) writ refused 256 La. 893, 240 So.2d 231; North Central Utilities Inc. v. Sarver, 323 So.2d 173 (La.App. 3rd Cir. 1973).
*232 Accordingly, we conclude for the reasons above set forth that, regardless of what may have been the intention of the parties in executing the letters in question, same did not constitute an agreement in writing binding on the partnership and its individual members to pay the debt owed by K & D to plaintiffs-appellants.
Appellants next suggest in oral argument and brief to this court that judgment should be rendered against Eddie W. Knippers because he fraudulently misrepresented material facts in order to deceive and cause loss and inconvenience to plaintiffs. There is no factual allegations in any of plaintiffs' pleadings which charge Eddie W. Knippers with fraudulent misrepresentation of material facts. Nor is there any evidence in the record to support the contention that Knippers deliberately and fraudulently misrepresented facts which led to any loss or inconvenience to plaintiffs. Fraud must always be alleged and proved. LSA-C.C.P. Article 856; Chrysler Credit Corporation v. Henry, 221 So.2d 529 (La. App. 4th Cir. 1969); First Federal Savings & Loan Association v. National Old Line Insurance Company, 254 So.2d 497 (La.App. 3rd Cir. 1971).
Finally, we observe that the letters do not constitute a promise in writing by Eddie W. Knippers, individually, to pay the debt of K & D pursuant to the provisions of LSA-R.C.C. Article 2278 because the letter agreement does not purport to bind Eddie Knippers but rather Bayou Rapides Apartments.
For the above and foregoing reasons the judgment of the trial court is affirmed. Appellant is cast for all costs of this appeal.
AFFIRMED.
FORET, J., dissents as to the dismissal of the suit against defendant Eddie W. Knippers.
NOTES
[1] Plaintiffs-appellants do not seek judgment against the other members of the partnership, Sidney Coxe and Lamar Coxe.