524 So.2d 792 (1988)
William A. WEEMS, et al., Plaintiffs-Appellants,
v.
Jesse HICKMAN, et al., Defendants-Appellees.
No. 87-36.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
*793 Kelly & Salim, Michael I. Murphy, Natchitoches, for plaintiffs-appellants.
Plauche, Smith & Nieset, Frank M. Walker, Jr., Lake Charles, Watson, Murchison, William P. Crews, Jr., Natchitoches, Michael W. Fontenot, Lafayette, defendants-appellees.
Before GUIDRY and YELVERTON, JJ., and SWIFT[*], J. Pro Tem.
G. WILLIAM SWIFT, Jr., Judge Pro Tem.
The principal issue presented by this appeal is whether or not the trial court was correct in finding there was no issue of material fact regarding the employment status of plaintiff with two defendants in the action and granting a summary judgment in favor of such defendants and one's insurer.
This is a tort action instituted by the plaintiff, William A. Weems, seeking damages for personal injuries received on December 14, 1983, when he collided with a tractor trailer rig owned by Jesse Hickman and being driven by Elbert Steele. Weems filed suit against Steele, Jesse Hickman, Bennett Timber Company (Bennett Company), its liability insurer, Northeast Insurance Company (Northeast), Boise Southern Company (Boise Southern), and its liability insurer, Boise Cascade Corp., Inc. (Cascade).[1]
Plaintiff alleged that at the time of the accident Steele was a permanent employee and/or agent of Hickman, Bennett Company, and Boise Southern, and because he was driving in a careless and reckless manner, his alleged employers are vicariously liable for such negligence. Bennett Company, Northeast and Boise Southern, filed motions for summary judgment, contending that at the time of the accident Boise Southern and Bennett Company did not have the necessary right to control Steele's actions to establish an employer-employee relationship. The trial judge granted their motions, concluding that Steele's employer, Hickman, was an independent contractor and neither he nor Steele were employees of Bennett Company or Boise Southern. The plaintiff filed a timely devolutive appeal. We reverse and remand for further proceedings.
At the time of the accident Steele was hauling pulpwood from a tract of timber owned by Boise Southern to its plant at DeRidder, Louisiana. Boise Southern had a contract with Bennett Company to cut and remove trees located on the tract. Rather than clear the land itself, Bennett Company hired producers, one of which was Jesse Hickman, to cut and haul the timber. Hickman in turn hired Steele and others to do the actual cutting and hauling of the timber using the former's equipment. The rig driven by Steele at the time *794 of the accident was owned by Hickman and insured by Northeast.
Plaintiff alleged that while Steele was driving the pulpwood truck on Louisiana Highway 111 with the consent of his alleged employers he failed to stop and yield the right-of-way in compliance with the traffic sign when crossing U.S. 190.
Northeast Insurance Company and Bennett Company have filed a third party demand denying that Steele was their agent or employee, but in the alternative, if they are held liable to plaintiff they are entitled to indemnity from him and his employer, Hickman.
The Louisiana Supreme Court in Industrial and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152, at pages 1153, 1154 (La.1983) discussed the law of this state and the criteria to be applied in determining whether or not a summary judgment should be granted. It said:
"La.C.C.P. art. 966 provides that any party may move for a summary judgment at any time, and the mover is entitled to summary judgment in his favor `if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law.' Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); cf. Fed.Rule Civ.Pro. 56. The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189 (La.1981); White v. Baker Manor Nursing Home, 400 So.2d 1168 (La.App. 1st Cir.), writs den., 403 So.2d 68 (La.1981); cf. Erco Industries, Ltd. v. Seaboard Coast Line Railroad Co., 644 F.2d 424 (5th Cir.1981); Joplin v. Bias, 631 F.2d 1235 (5th Cir.1980).
To satisfy this burden, the mover must meet a strict standard of showing that it is quite clear as to what is the truth and that there has been excluded any real doubt as to the existence of a genuine issue of material fact. The pleadings, affidavits, and documents of the mover must be scrutinized closely, while those of the opponent to the motion are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981); Mashburn v. Collin, 355 So.2d 879 (La.1977); cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 99 S.Ct. 1598, 26 L.Ed.2d 142 (1970)."
We said in Ferina v. Howard, 285 So.2d 805, at page 808 (La.App. 3 Cir.1973):
"Summary judgment is not a substitute for trial on the merits. Litigants are not to be denied their day in court on finding documents and affidavits which make it appear unlikely that one party can prevail. Once the trial judge detects the existence of a disputed material fact, he may not render summary judgment." (Citations omitted.)
And any real doubt as to the existence of a disputed material fact must be resolved in favor of a full trial on the merits. Simon v. Fasig-Tipton Co. of New York, 524 So.2d 788 (La.App. 3 Cir.1988).
Plaintiff contends that the deposition testimony raises an issue of material fact concerning the relationship that existed between Steele, Hickman, Bennett Company and Boise Southern. He asserts that both companies had the right to control the work they were doing and they actually did exercise control over Hickman and his workers on occasions. As stated, these defendants contend that Hickman was an independent contractor and Steele was his employee rather than theirs. They assert that neither defendant had any control over Hickman's firing and hiring and did not have the right of control over Steele or Hickman necessary to establish an employer-employee relationship.
Of course, under the doctrine of respondeat superior, an employer is responsible for the torts of employees which are committed during the course and scope of employment. LSA-C.C. Art. 2320; Arledge v. Royal-Globe Ins. Co., 401 So.2d 615 (La. App. *795 3 Cir.1981); Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (La.1968). In Bonstill v. Goldsberry Operating Company, 478 So.2d 729, at page 734 (La.App. 3 Cir. 1985), this court discussed the elements which must be proved in order to establish a master-servant relationship as follows:
"The principal elements to be considered in determining whether an employer-employee relationship exists are (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control. Green v. DeFelice, 466 So.2d 1373, 1379 (La.App.3rd Cir.1985); Franklin v. Haughton Timber Co., 377 So.2d 400, 403 (La.App. 2nd Cir.1979), writ den., 380 So.2d 624 (La. 1980), and cases cited therein. Regarding the fourth element, power of control, the focus should be placed on whether and to what degree the right to control the work has been contractually reserved by the principal. The supervision and control which is actually exercised by the principal is less significant. Hemphill v. State Farm Insurance Co., 472 So.2d 320, 322 (La.App.3rd Cir.1985), and cases cited therein."
See also, Roberts v. State, through La. Health, Etc., 404 So.2d 1221 (La.1981); Savoie v. Fireman's Fund Ins. Co., 347 So.2d 188 (La.1977).
The law with regard to an independent contractor, for which there is no vicarious liability, is set out in Hickman v. Southern Pacific Transport Company, 262 So.2d 385, at pages 390, 391 (La.1972), in which the Louisiana Supreme Court stated:
"It is well understood by the courts of this State that the term independent contractor connotes a freedom of action and choice with respect to the undertaking in question and a legal responsibility on the part of the contractor in case the agreement is not fulfilled in accordance with its covenants. The relationship pre-supposes a contract between the parties, the independent nature of the contractor's business and the nonexclusive means the contractor may employ in accomplishing the work. Moreover, it should appear that the contract calls for specific piecework as a unit to be done according to the independent contractor's own methods, without being subject to the control and direction, in the performance of the service, of his employer, except as to the result of the services to be rendered. It must also appear that a specific price for the overall undertaking is agreed upon; that its duration is for a specific time and not subject to termination or discontinance at the will of either side without a corresponding liability for its breach. Amyx v. Henry & Hall, 227 La. 364, 79 So.2d 483 (1955)."
Applying these principles in the present case, we find that there is a sufficient material dispute as to whether Steele and Hickman were employees of Bennett Company and Boise Southern to entitle the plaintiff to a trial on the merits.
The deposition testimony of both Jesse Hickman and Robert Bennett, III, who was vice-president of Bennett Company at the time of the accident, support our finding. Mr. Bennett said that there has been a long-term relationship between Hickman and Bennett Company, the former having worked exclusively for the latter for approximately eleven years. Hickman had no contract with Boise Southern or Bennett Company providing an independent contractor relationship. The only signed contract was between these two companies, wherein Bennett agreed to find an independent producer to cut the timber.
Bennett Company furnished Hickman and his employees liability insurance on the vehicles and also worker's compensation insurance. Boise Southern required anyone doing work for it to have between $300,000.00 and $500,000.00 motor vehicle liability insurance in order to enter the sawmill in DeRidder. Under the general practice at the time of the accident, Hickman purchased liability insurance with $5,000.00 per person limit and Bennett Company provided the additional coverage for Hickman and his drivers to meet Boise Southern's insurance requirements.
As noted by the Supreme Court in Hickman, supra, perhaps the most telling fault in the argument that these facts present an *796 independent contract relationship is it seems that the relationship between Hickman and Bennett Company could be terminated (i.e., the job could be shut down) without incurring any liability for breach of contract.
Boise Southern made inspections on a regular basis, just as Bennett Company did, to be sure that the timber was marked properly and cut to specifications. If a problem arose Boise Southern contacted Bennett Company which in turn spoke with the producer in charge of the job. If the problems were not corrected by the producer, they shut down the job and got another producer. Bennett Company would not hesitate to fire the producer.
Although Bennett said there never was any input or supervision as to Hickman's hiring and firing of any employees, Hickman's deposition seems to indicate otherwise. Hickman stated that one of Boise's men checked the job every day or every other day, and if he did not think it was being done according to their specifications he told Hickman's employees to do the job differently or stop the work until the producer got there. Similarly, Mr. Bennett stated that one of his employees walked over the work area and checked the work being done by his men once a week and sometimes every two or three weeks depending on the work being done. Hickman also indicated that his employees did what the representatives from Bennett Company and Boise Southern told them to do.
When questioned about whether Bennett Company had anything to do with hiring Steele or any other cutters or loaders, Hickman replied that if Robert A. Bennett, Jr. or his son, Robert A. Bennett, III, came out to a job and did not like something about the employee, they would tell him to discharge the person or shut the job down. On one occasion Mr. Bennett told him to fire one of his employees and he refused because there was no good reason to do so. However, Hickman stated that he would have fired the employee if directly ordered. Hickman said that he had the right to hire anyone, but that thereafter Bennett or his son would question him about the new employee. Usually the questions asked by Bennett Company and Boise Southern were related to worker's compensation and insurance, but they also asked questions about whether an employee was a "trouble maker." If they felt the employee was a trouble maker, they would "urge" Hickman to fire him.
Hickman also said that on several occasions certain routes have been prescribed by Boise Southern and Bennett Company for Hickman's drivers to follow. This policy was changed when they had to pay for damages done to bridges by trucks hauling their timber. The current policy is to pay Hickman for a predetermined route. If his employee chooses to take a different longer route the compensation is reduced.
After examining the pleadings and deposition testimony in light most favorable to the opposer of the motion for summary judgment, we believe the evidence taken as a whole reflects that there was sufficient authority and control by Bennett Company and Boise Southern over the work of Hickman and his employees to at least raise a question of fact regarding the existence of an employer-employee relationship, and that the trial court erred in granting the motions for summary judgment in favor of defendants.
For the reasons assigned, the summary judgments of the trial court are reversed and the case is hereby remanded to the district court for further proceedings according to the law. Costs of this appeal are assessed to the defendants-appellees, Boise-Southern Company, Jesse Hickman, Bennett Timber Company, Inc. and the liability insurer, Northeast Insurance Company.
REVERSED AND REMANDED.
NOTES
[*] Judge G. William Swift, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Boise Cascade Corporation was dismissed from the lawsuit, without prejudice, by the plaintiff on October 3, 1986, and is not a party to this appeal.