591 So.2d 375 (1991)
SOUTH LOUISIANA BANK, Plaintiff-Appellee,
v.
Alphonse WILLIAMS, in his Capacity as Liquidator of Pioneer Fishing and Rental Tools, Inc. and E.F. Realty Company, Inc., Defendants-Appellants.
No. 90-532.
Court of Appeal of Louisiana, Third Circuit.
December 4, 1991.
Rehearing Denied January 29, 1992.
Writ Denied April 10, 1992.
*376 Watkins & Walker, Kenneth Watkins, Robyn F. Moss, Houma, for plaintiff-appellee.
Henry T. Dart, Metairie, for defendant-appellant, Alphonse Williams.
Thomas E. Falgoust, Sr., in pro per.
Before GUIDRY, DOUCET, and KNOLL, Judges.
KNOLL, Judge.
This appeal concerns the correctness of the trial court's rendition of summary judgment in three consolidated cases against two corporations. The trial court rendered summary judgment finding no material issue of fact concerning the existence of the indebtednesses of Pioneer Fishing and Rental Tools, Inc. (Pioneer) and E.F. Realty Company, Inc. (E.F. Realty) to South Louisiana Bank (SLB). The trial court further found that the debtor corporations received the proceeds of the loans, and that there were corporate resolutions authorizing the loans which were executed by Thomas E. Falgout, Sr., the president of the two corporations.
We affirm in all aspects, except that we reverse the summary judgment against E.F. Realty in Docket No. 90-532, finding no corporate resolution of record authorizing Falgout to execute a continuing guarantee on its behalf.

FACTS
The indebtednesses sued upon were incurred between March 13, 1985, and October 7, 1987, when Falgout was president of Pioneer and E.F. Realty. Subsequently, Falgout was removed as president by way of litigation, and Alphonse Williams was appointed judicial liquidator of both corporations.
When Pioneer and E.F. Realty defaulted on their loans, SLB filed these suits to obtain judgment for the amount of the indebtedness and to recognize its mortgages on the corporations' immovable property. Named as defendants were Falgout, individually, and Williams in his capacity as liquidator of Pioneer and E.F. Realty. Attached to the petitions were the promissory notes, the security documents, and corporate resolutions purporting to authorize Falgout to incur the debts and mortgage corporate property. Falgout failed to answer the suits, and default judgments were obtained against him. Williams answered, alleging that the notes and mortgages were unenforceable against Pioneer and E.F. Realty because Falgout had no authority to borrow money and encumber corporate property. He further alleged that the promissory notes and security devices were null by virtue of error, mistake, and failure *377 of consideration. Williams alleged that the documents were executed by Falgout as part of a scheme to defraud Pioneer and E.F. Realty.
After the three suits were consolidated for trial, SLB filed a motion for summary judgment in each of the cases. In support of its motions, SLB attached affidavits of James C. Sublett, commercial loan officer of SLB, stating that the corporations had executed the notes, that Falgout endorsed them, and that the money was paid into corporate accounts or issued in payment to other creditors of the corporations at loan closing.
Williams opposed the motions, stating in his affidavits that the boards of directors of Pioneer and E.F. Realty had not passed resolutions authorizing Falgout to incur indebtedness or to mortgage corporate property. He attached the minutes of the board meetings for the pertinent dates.
After hearing the motions, the trial court granted SLB's motions for summary judgment, stating that SLB was justified in relying on the corporate resolutions presented to the bank. These appeals followed.

SUMMARY JUDGMENT
Pioneer and E.F. Realty contend that an issue of material fact remains with regard to Falgout's authority to bind the corporations. They argue that since the actual minutes of the boards of directors' meetings contain no reference to any resolution granting Falgout authority to incur debt and encumber corporate property, Falgout acted without authority. Accordingly, it is their contention that this unresolved material fact precluded the rendition of summary judgment.
LSA-C.C.P. Art. 966 provides that the moving party is entitled to summary judgment in his favor, if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law.
The burden is on the mover to clearly show that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Weems v. Hickman, 524 So.2d 792 (La.App. 3rd Cir.1988).
A fact is material if its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Stated another way, facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. Doe v. Smith, 573 So.2d 238 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1139 (La.1991). To carry this exacting burden, the mover must show that it is quite clear what the truth is and that absolutely no doubt remains as to the existence of a genuine issue of material fact. Weems, supra. If this standard is met, the burden of proof shifts to the opposing party to present evidence that a material fact remains at issue. The opposing party may no longer rest on the allegations in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). If the moving party has established both that there is no genuine issue of material fact and that, as a matter of law, he is entitled to judgment, it is incumbent upon the adverse party to present specific facts, showing that there is a genuine issue for trial. LSA-C.C.P. Art. 967.
Finally, on motions for summary judgment, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981).
At the outset, we find that there is merit to E.F. Realty's contention that summary judgment was improperly granted against it in Docket No. 90-532. The basis of its attack is that no corporate resolution was introduced into evidence, authorizing Falgout to sign a continuing guaranty of Pioneer's indebtedness.
*378 SLB argues that Exhibit P-2 in Docket No. 90-542 is the corporate resolution it relied upon for authority for Falgout to sign a continuing guaranty on behalf of E.F. Realty. Exhibit P-2 provides, in pertinent part, that Falgout was authorized on behalf of E.F. Realty "to enter into and execute an Act of Collateral Mortgage ... to secure funds from South Louisiana Bank... to secure a loan benefitting [sic] Pioneer Fishing and Rental Tools, Inc." Furthermore, the resolution provided as follows:
"[T]he said President is further authorized, empowered and directed to enter into and execute an Act of Collateral Mortgage, Act of Collateral Pledge Agreement, Collateral Mortgage Note, any and all Promissory Notes which shall be executed from time to time which shall draw funds secured by said Collateral Mortgage Note and any and all other documents necessary to contain such terms and conditions as such officer in his sole and uncontrolled discretion may deem necessary and property [sic] in order to secure said funds, and to accept on behalf of this corporation the proceeds of said loan, and to forward said proceeds to Pioneers Fishing and Rental Tools, Inc., upon such terms and conditions as the President, in the exercise of his uncontrolled discretion, shall deem to be in the best interest of the corporation.
BE IT FURTHER RESOLVED that the said President, be, and he is hereby authorized, empowered, and directed, for, on behalf of, and in the name of this corporation, to do and perform any and all other acts and deeds, and execute any other docununts as may be requisite to carry out the foregoing authorization, or all other such acts and deeds done pursuant to and in furtherance hereof, being expressly ratified and confirmed as the acts and deeds of this corporation."
Initially, we note that the resolution did not specifically state that Falgout was authorized to sign a continuing guaranty. Likewise, tracking the last paragraph of the continuing guaranty, we cannot say that the execution of a continuing guaranty was a document which was required to carry out Falgout's authority to enter into a collateral mortgage. Accordingly, based on the clear wording of the resolution, we do not find that there was specific authority granted in the resolution for Falgout to execute a continuing guaranty which would withstand the contrary assertion raised in E.F. Realty's affidavit in opposition to SLB's motion for summary judgment.
Therefore, we conclude that summary judgment was not properly granted on this particular indebtedness, and it is necessary for us to reverse the rendition of summary judgment against E.F. Realty in Docket No. 90-532. With the determination of that issue, we proceed to examine the remaining elements of the assignment of error presented.
Initially, we underscore that neither Pioneer nor E.F. Realty allege that the signature of the corporations' secretary affixed to the corporate resolutions presented to SLB is a forgery or that the signatory to those resolutions was not the secretary of the corporations. Rather, the arguments presented by Pioneer and E.F. Realty question the authority SLB needed to grant the corporate loans and accept the security documents.
In Carey Hodges Assoc., Inc. v. Continental Fid. Corp., 264 So.2d 734, 736 (La. App.1972), our brethren of the First Circuit stated:
"[T]hat the person who deals with a corporation is chargeable with notice of the limitations and restrictions placed upon it by statute and is generally bound to know whether or not the person who presumes to represent the corporation and act in its name is authorized to do so. Our jurisprudence holds additionally that the person dealing with an agent is put on his guard by the fact of the person's alleged agency alone and deals with him at his own risk. It is his duty to inquire into and ascertain the nature and extent of his powers as an agent and determine whether or not the act or contract about to be consummated comes within the province of his agency and will or will not bind his principal." *379 As an adjunct to that proposition, in Buckley v. Woodlawn Development Corporation, 233 La. 662, 98 So.2d 92, 98 (1957), the Louisiana Supreme Court held:
"`If the power exhibited is sufficient, the principal will not be permitted to gainsay the acts of his representative, but if it is not, he is warranted in repudiating them.' Chaffe v. Stubbs, 37 La.Ann. 656; See, Natchitoches Motor Co., Inc. v. Campbell, 17 La.App. 425, 136 So. 133."
In the case sub judice, it is clear that although SLB had a long-standing relationship with Pioneer and E.F. Realty, it nonetheless required the corporations to provide certified corporate resolutions authorizing Falgout to make the various loans and mortgages.
LSA-C.C. Arts. 2996 and 2997 require that for a mandatary to incumber property and to contract a loan, the power given must be express. Despite the fact that the codal articles require that the authority be express, neither article specifies that the maximum loan amount be stated in the mandate. Furthermore, Art. 2997 specifically states that the property or the location of the property need not be specifically described. After carefully reviewing each corporate resolution against that background, we find that the corporate resolutions relied upon by SLB are regular on their face.
In De Soto Corporation v. Roberts Lumber & Grain Co., 174 La. 620, 141 So. 78, 79-80 (1932), one of the few cases which addresses the reliance an innocent third person can place on corporate resolutions, the Louisiana Supreme Court stated:
"The deed from the defendant corporation to its president acting through himself, is valid upon its face because made upon a resolution annexed to the deed, which recited that it was unanimously passed at a meeting of the board of directors of the corporation, with all members present, and third parties, in the Court's opinion, had a right to rely upon its recitations. Even if the same were not valid, it was only voidable, and in order for the corporation to set the same aside it should not be guilty of laches, but should have acted to disaffirm the same within a reasonable time. Also the corporation received the benefits of the loan made by Roberts and has not offered to refund the same, as this money was used to pay its indebtedness.
"The deed in question was entirely regular and the Court does not think the contrary can be shown to the prejudice of third persons. In Thompson on Corporations, 3rd Edition Vol. 2, p. 711, paragraph 1268, it is said:
"`As a rule, illegality or irregularity in a directors meeting cannot be set up to defeat the right of innocent third parties dealing with the corporation, for, in the absence of notice to the contrary, they have a right to assume that the proceedings were legal and regular, that notice was given, that a quorum was present, that the meeting was called in the mode prescribed by the charter and bylaws. A purchaser for value and without notice of irregularity, was held to acquire a good title, where the number of directors who authorized the contract to be made was less than the number required to constitute a quorum.
"`There is always a presumption in favor of a quorum and regularity of proceedings.'
"In Fletcher on Corporations, Par. 1891, citing inter alia Ross v. Crockett, 14 La. Ann. 811, it is said:
"`presumption in favor of meeting Whenever an act purports to have been authorized by the board of directors, it will be presumed, until the contrary is shown, that they acted at a meeting, that proper notice of the meeting was given to all the directors, that a quorum of the directors was present, that the meeting was held in accordance with law, and that the act was authorized by a majority.'
"In the same authority, Sec. 1894, it is said:
"`The rule is that illegality or irregularity in a director's meeting cannot be set up to defeat the rights of innocent third persons dealing with the corporation, since, in the absence of notice to the *380 contrary, they have a right to assume that the proceedings were legal and regular, that notice was given, that a quorum was present, that the meeting was called in accordance with the charter or bylaws.'"
See also Babin v. Cole, 419 So.2d 1283 (La.App. 5th Cir.1982), writ denied, 423 So.2d 1181 (La.1982).
In the case sub judice, James C. Sublett, SLB's commercial loan officer, stated in his affidavits that: 1) the loan proceeds which form the basis of Docket No. 90-532 were given to Falgout and applied directly to Pioneer's loan; 2) the loan proceeds which form the basis of Docket No. 90-542 were paid in part to American Bank & Trust Co. to satisfy a prior loan and cancel a mortgage that SLB was refinancing, and the remainder was deposited into E.F. Realty's checking account; and, 3) the loan proceeds which form the basis of Docket No. 90-544 were deposited during a three month period in 1985 into E.F. Realty's checking account.
After carefully reviewing the record, we find that SLB, as an innocent third person dealing with the corporations, cannot be defeated in its actions against Pioneer and E.F. Realty since it had a right to assume that the corporate proceedings authorizing the loans were in accordance with the actions of the boards of directors of each corporation. In making this determination, we do not find any indication that SLB was put on notice that the loan funds were being funneled into non-corporate hands; on the contrary, just the opposite is shown in the record. Moreover, although the corporations pleaded fraud in very general terms, they have not controverted SLB's assertion of facts relative to its disposition of loan funds, and have not pleaded with any specificity how they contend that their president fraudulently used the loan proceeds. Accordingly, we find that Pioneer and E.F. Realty have not established a genuine issue of material fact which would defeat SLB's motions for summary judgment. Therefore, with regard to the actions which are supported by corporate resolutions filed into the record, we affirm the trial court's rendition of summary judgment in favor of SLB.
In reaching this conclusion, we find the cases of National Bank of Bossier City v. Nations, 465 So.2d 929 (La.App. 2nd Cir. 1985), and Marsh Inv. Corp. v. Langford, 490 F.Supp. 1320 (E.D.La.1980), aff'd 652 F.2d 583 (5th Cir.1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), distinguishable on the facts. In both cases relied upon by Pioneer and E.F. Realty, the corporate resolutions presented to the banks contained forged signatures. In National Bank of Bossier City, the corporate secretary's signature was forged, and in Marsh Inv. Corp. the identity of the corporate secretary was fabricated. Moreover, in those two cases the funds loaned were, with the knowledge of the lending institutions, used to pay the personal debts of the corporate officer executing the loan documents. Commenting on the bank's actions under the facts presented in National Bank of Bossier, the appellate court stated that the bank's "conduct was rather careless and certainly not reasonable." Likewise, in Marsh Inv. Corp., the trial court commented that, "[t]he Bank should have been all the more cautious when faced with the prospect of using corporate property to secure ... the personal debt of a stranger to the corporation." In the case sub judice, Falgout was neither a stranger to the corporations nor to the bank, and the factors which so influenced the courts in the cases relied upon by Pioneer and E.F. Realty are not present herein.
For the foregoing reasons, the judgments of the trial court are affirmed in all respects except that the rendition of summary judgment in favor of South Louisiana Bank and against E.F. Realty Company, Inc., in Docket No. 90-532 is reversed and set aside, and that matter is remanded to the trial court for further action. Costs of this appeal are assessed to Alphonse Williams, in his capacity as liquidator of Pioneer Fishing and Rental Tools, Inc. and E.F. Realty Company, Inc.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.